902 So.2d 1060 (2005)
STATE of Louisiana
v.
Wendell V. GRAY.
No. 04-KA-1272.
Court of Appeal of Louisiana, Fifth Circuit.
April 26, 2005.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, (Appellate Counsel) Paige Cline, (Trial Counsel), Assistant District Attorneys, for Plaintiff/Appellee, The State of Louisiana.
Prentice L. White, Baton Rouge, LA, for Defendant/Appellant, Wendell V. Gray.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA, and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
Wendell V. Gray appeals his conviction of possession with intent to distribute cocaine, a violation of La.R.S. 40:967(A). After the record was lodged in this Court, the State filed a motion to dismiss the appeal as untimely. We grant the motion, dismiss the appeal, and remand to allow the defendant to seek reinstatement of his right to appeal.
La.C.Cr.P. art. 914 provides:
A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
(1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.

*1061 (2) Thirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
The record reflects that the defendant was convicted on August 12, 2003 and was sentenced on October 20, 2003. However, the defendant made no oral motion for appeal upon either conviction or sentencing. In addition, the defendant failed to file a motion to reconsider sentence, and he failed to file a written motion for appeal until May 19, 2004, nearly seven months after sentencing.
The State filed a habitual offender bill on July 6, 2004, alleging the defendant to be a third felony offender. According to a minute entry obtained after this appeal was lodged, on January 5, 2005 the defendant admitted the allegations of the bill, then the trial court vacated the original sentence and re-sentenced the defendant to thirty years at hard labor, with credit for time served and without benefit of probation or suspension of sentence. As far as this Court is aware, there was no motion for appeal filed in connection with the habitual offender sentencing.
When a defendant fails to make a motion for appeal within the time provided in Article 914, he loses the right to obtain an appeal by simply filing a motion for appeal in the trial court. State v. Counterman, 475 So.2d 336, 338 (La.1985). This is not because the trial court has been divested of jurisdiction, but because the conviction and sentence became final when the defendant failed to appeal timely. Id. After the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal. Id.
The defendant who has failed to appeal timely should seek reinstatement of his right to appeal in the district court in which the conviction was obtained. Counterman, at 339. The appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal, after the delay provided in Article 914 has expired, is an application for post conviction relief pursuant to Articles 924-930.7. Id.
Accordingly, we dismiss the appeal and remand this matter to the district court to allow the defendant the opportunity to seek reinstatement of his appeal rights by application for post-conviction relief. See, State v. Taylor, 03-127 (La.App. 5 Cir. 5/28/03), 848 So.2d 141, 143; State v. Brooks, 01-1316 (La.App. 5 Cir. 4/10/02), 817 So.2d 222, 223.
APPEAL DISMISSED; CASE REMANDED.