922 So.2d 1245 (2006)
STATE of Louisiana
v.
Kevin J. JUPITER.
No. 05-KA-869.
Court of Appeal of Louisiana, Fifth Circuit.
February 3, 2006.
*1246 Hon. Harry J. Morel, Jr., District Attorney, Juan A. Byrd, Assistant District Attorney, Hahnville, Louisiana, for Plaintiff/Appellee.
Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA, and MARION F. EDWARDS.
JAMES L. CANNELLA, Judge.
The Defendant, Kevin Jupiter, appeals from his convictions of unauthorized entry of an inhabited dwelling, (La.R.S.14:62.3), and simple criminal damage to property over $500.00 (La.R.S.14:56). We dismiss the appeal and remand.
The Defendant was charged on December 21, 2004 and pled not guilty. On April 5, 2005, he was convicted by a jury on both counts as charged. On April 11, 2005, the Defendant filed a motion for post verdict judgment of acquittal and a motion for new trial. The Defendant's motion for post verdict judgment of acquittal was denied on April 15, 2005 and his motion for new trial was denied on May 12, 2005. On May 12, 2005, after waiving delays, the Defendant was sentenced to six years imprisonment at hard labor and fined $1,000 for unauthorized entry of an inhabited dwelling. His fine was suspended. He was sentenced to two years imprisonment at hard labor for simple criminal damage to property and fined $1,000. That fine was also suspended. The sentences were to run concurrent.
On June 16, 2005, the Defendant filed a motion to reconsider sentence which was denied on June 20, 2005. On June 28, 2005, the Defendant filed a motion for appeal and designation of record which was granted on July 5, 2005.

JURISDICTIONAL DEFECT
Our review of this record indicates that the appeal is untimely. The time delays for filing appeals are set forth in La.C.Cr.P. art. 914:
A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
(1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Thirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
Under La.C.Cr.P. art. 881.1(A)(1), the state or the defendant may make or file a motion to reconsider sentence within 30 days following the imposition of sentence or within such longer period as the trial court may set at sentence.
Here, the Defendant was sentenced on May 12, 2005. On June 16, 2005, the Defendant filed a motion to reconsider sentence, more than 30 days following the imposition of his sentence. Because the record does not reflect that at sentencing the trial court set a longer period for filing the motion to reconsider sentence, the filing of the motion to reconsider sentence was untimely. Because the motion to reconsider sentence was untimely, the Defendant's motion for appeal filed on June 28, 2005 was untimely. The Defendant's conviction and sentence became final when the Defendant failed to make a *1247 timely motion for appeal or a timely motion to reconsider sentence. State v. Gray, 04-1272, p. 3 (La.App. 5th Cir.4/26/05), 902 So.2d 1060, 1061; State v. Sly, 97-380, p. (La.App. 5th Cir.10/28/97), 701 So.2d 1059, writ denied, 97-2954 (La.4/3/98), 717 So.2d 230; State v. Counterman, 475 So.2d 336, 338 (La.1985).
A defendant who has failed to appeal timely should seek reinstatement of his right to appeal in the district court in which the conviction was obtained. Gray, 04-1272 at 3, 902 So.2d at 1061; Counterman, 475 So.2d at 339. The appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal, after the appeal delays have expired, is an application for post conviction relief pursuant to La.C.Cr.P. arts. 924-930.7. Id.[1]
Accordingly, we dismiss the appeal and remand this matter to the district court to allow the Defendant the opportunity to seek reinstatement of his appeal rights by application for post-conviction relief.
APPEAL DISMISSED; CASE REMANDED.
NOTES
[1] We issued an order to the Defendant on January 4, 2006, to show cause why the appeal should not be dismissed, but the Defendant failed to respond.