FREDERICKA HOMBERG WICKER, Judge.
 

 |2The defendant/appellant appeals his conviction and sentence for armed robbery in violation of La. R.S. 14:64, arguing that his jury waiver was invalid. Based on the following, we find that the defendant’s jury waiver was knowingly and intelligently made. The conviction and sentence is affirmed.
 

 Procedural Background
 

 On April 15, 2008, the Jefferson Parish Sheriffs Office filed a bill of information against the defendant/appellant, Mr. Shawn Martin, charging him with three offenses.
 
 [1]
 
 In Counts One and Two, Mr. Martin was charged with armed robbery in violation of La. R.S. 14:64. In Count Three, he was charged with attempted armed robbery in violation of La. R.S. 14:27 and La. R.S. 14:64. He pled not guilty to each offense.
 

 Mr. Martin waived his right to a jury, and the case proceeded before the judge on February 22, 2010, as to Count Two. At the trial, Mr. Amin Joudeh | ..¡testified that as he was leaving the Boomtown Casino in Harvey, Louisiana, Mr. Martin approached him in the parking lot and asked for a cigarette. He further testified that he told Mr. Martin that he did not smoke, and thereafter got into his car and drove away. While driving home, however, Mr. Joudeh noticed he was being followed. He pulled over to the side of the road to allow the vehicle to pass. When the vehicle passed him, it pulled into the driveway of one of the homes in his neighborhood. Feeling no threat, Mr. Joudeh pulled into his own driveway and exited his vehicle. He testified that once he exited the vehicle, Mr. Martin jumped from behind a pile of dirt that was in the next door neighbor’s yard, put a gun in his face, and demanded money. Mr. Joudeh gave him $520 in cash as well as his keys, which Mr. Martin also demanded. After the perpetrators left, Mr. Martin called the police to report the incident.
 

 Sgt. John Carroll, a detective in the robbery division for the Jefferson Parish Sheriffs Office, also testified at the trial. Sgt. Carroll testified that his investigation led to the arrest of Mr. Martin as well as his two co-defendants. Sgt. Carroll testified that he compiled a six-person photographic lineup in which Mr. Joudeh positively identified Mr. Martin as the person who robbed him.
 

 At the conclusion of the hearing, Mr. Martin was found guilty. The state subsequently dismissed Counts One and Three. Mr. Martin was, thereafter, sentenced to 40 years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. The state then filed a multiple bill pursuant to La. R.S. 15:529.1, alleging Mr. Martin to be a second felony offender. He pled not guilty to the multiple bill, and the matter was heard on May 6, 2010.
 

 
 *44
 
 Mr. Martin was adjudicated to be a second felony offender at the multiple-bill hearing. The trial court vacated the previously imposed 40-year sentence and resen-tenced him to 55 years in the Department of Corrections without the benefit |4of probation or suspension of sentence. Mr. Martin appeals his conviction and sentence alleging that his jury waiver was invalid.
 

 Discussion
 

 In his sole assignment of error, Mr. Martin argues that his conviction and sentence should be reversed because his jury waiver was not knowingly and intelligently made.
 

 Prior to the commencement of trial, Mr. Martin’s attorney, Mr. Brown, informed the trial court that he discussed the matter at length with Mr. Martin and that Mr. Martin wished to waive his right to a jury trial. Thereafter, the trial judge engaged in the following colloquy with Mr. Martin — the witness:
 

 THE COURT:
 

 Okay. Mr. Martin, you are aware you have a right to trial by jury which the jury may find you guilty as charged, guilty of a lesser charge, or not guilty, correct?
 

 THE WITNESS:
 

 Yes, ma’am.
 

 THE COURT:
 

 And you know you have a right to waive trial by jury and be tried by the court alone?
 

 THE WITNESS:
 

 Yes, ma’am.
 

 $ ⅜ $ ⅜
 

 THE COURT:
 

 And your attorney has enrolled today indicating he is ready for trial and indicated your wish to waive your right to trial by jury and to be tried by the Court alone; is that correct?
 

 THE WITNESS:
 

 Yes, ma’am.
 

 mIüT ⅜ *⅜
 

 THE COURT:
 

 In connection with waiving trial by jury, you understand that this is your decision not your attorney’s decision?
 

 THE WITNESS:
 

 Yes, ma’am.
 

 THE COURT:
 

 Your attorney can give you advice, but the decision in the end is up to you as to whether you want a jury or you want to be tried by the, [sic] Judge.
 

 THE WITNESS:
 

 Yes, ma’am.
 

 THE COURT:
 

 And you want to be tried by the, [sic] Judge?
 

 THE WITNESS:
 

 Yes, ma’am.
 

 THE COURT:
 

 Okay. What is your educational background?
 

 THE WITNESS:
 

 My educational background?
 

 THE COURT:
 

 Uh-huh.
 

 THE WITNESS:
 

 I graduated from school.
 

 THE COURT:
 

 You graduated from high school?
 

 THE WITNESS:
 

 Yes, ma’am.
 

 |fiTHE COURT:
 

 And you understand that from [sic] you have a right to have a juror hear but you want the judge to try your case?
 

 THE WITNESS:
 

 Yes, ma’am.
 

 The court then engaged in the following colloquy with Mr. Brown:
 

 
 *45
 
 THE COURT:
 

 Mr. Brown, you’ve discussed this at length with your client?
 

 MR. BROWN:
 

 Yes, Your Honor, I did.
 

 THE COURT:
 

 And he understands his rights and still wants to proceed with a judge trial?
 

 MR. BROWN:
 

 Yes, Your Honor.
 

 THE COURT:
 

 And he is knowingly and intelligently waiving his right to jury trial?
 

 MR. BROWN:
 

 Yes, Your Honor.
 

 ⅜ * * ⅜
 

 THE COURT:
 

 Do you want to confer with your client one more time to be sure that he wants a judge trial because I want to be absolutely certain before we start, [sic]
 

 MR. BROWN:
 

 Okay.
 

 * ⅜ ⅜ ⅝
 

 MR. BROWN:
 

 |7I’m going to talk to him before I even leave this court.
 

 THE COURT:
 

 Talk to him one more time. There’s still jurors downstairs if that’s what he wants.
 

 ⅜ ⅜ ⅜ *
 

 After a brief recess, the court engaged in another colloquy with Mr. Martin:
 

 THE COURT:
 

 Okay. Mr. Martin, you are still under oath. You’ve had an additional opportunity to confer with your counsel. Do you want to proceed by judge and waive jury trial, is that what you want to do?
 

 THE WITNESS:
 

 Yes, Your Honor.
 

 THE COURT:
 

 Okay. All right. Then the court finds that the defendant has waived jury trial, and he has made a knowing, intelligent, free and voluntary act of doing so.
 

 The right to a jury trial, protected by both our state and federal constitutions, holds a place of major importance in the panoply of rights afforded a person accused of a crime.
 
 State v. Muller,
 
 351 So.2d 143, 146 (La.1977); La. Const, art. I, §§ 16-17 (citations omitted). So, when a defendant waives this right, the waiver must be knowingly and intelligently made.
 
 Id., State v. McCarroll,
 
 337 So.2d 475 (La. 1976). A waiver of this right is never presumed.
 
 State v. McCloud,
 
 04-1112, p. 5 (La.App. 5 Cir. 3/29/05), 901 So.2d 498,
 
 citing, State v. McCarroll,
 
 337 So.2d 475, 480 (La.1976).
 

 Although it remains the preferred method for the district court to advise a defendant of his right to trial by jury in open court before obtaining a waiver, such a practice is not statutorily required.
 
 State v. Pierre,
 
 02-2665, p. 1 (La.3/28/03), 842 So.2d 321, 322
 
 see
 
 La.C.Cr.P. art. 780 (citations omitted). Nevertheless in |8this case, the trial judge thoroughly questioned Mr. Martin to ensure he understood that it was his decision and not his attorney’s as to whether his case proceeded before a jury or the judge. The trial judge then engaged in a colloquy with Mr. Brown who stated that Mr. Martin was knowingly and intelligently waiving his right to a jury trial. Even though Mr. Brown informed the court that Mr. Martin was aware of his rights, the trial judge instructed him to speak with Mr. Martin one final time about his decision before the case proceeded to trial. The record reflects that after having a final discussion with his attorney, Mr. Martin returned to court and again stated that he wanted a bench trial.
 

 
 *46
 
 Based on the foregoing, we find that Mr. Martin’s jury waiver was knowingly and intelligently made. Therefore, this assignment of error is without merit.
 

 Error Patent Discussion
 

 We have reviewed the record for errors patent in conformity with La.C.Cr.P. art. 920.
 
 See State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals that there are errors patent.
 

 A review of the record reflects that Mr. Martin was not properly advised of the time delay within which to file an application for post-conviction relief. Although the
 
 commitment
 
 reflects the correct time delay, the trial transcript only states that Mr. Martin was informed that he had “two years to seek post-conviction relief.”
 

 In the past, this Court has ordered the trial court to properly advise defendant of the prescriptive period under LSA-C.Cr.P. art. 930.8 by written notice within ten days of the rendition of this Court’s opinion and then to file written proof in the record that defendant received the notice. However, in
 
 State v. Morris,
 
 40,322 (La.App. 2 Cir. 1/25/06), 920 So.2d 359, 363, the Second Circuit corrected this error patent by way of its opinion rather than a remand.
 
 State v. Davenport,
 
 08-463, p. 10-1 (La.App. 5 Cir. 11/25/08), 2 So.3d 445, 457.
 

 Accordingly, we hereby advise Mr. Martin that, pursuant to La.C.Cr.P. art. 930.8, no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. art. 914 or 922.
 

 We also note that at the time Mr. Martin was resentenced at the multiple-offender hearing, the trial judge imposed a sentence of 55 years in the Department of Corrections rather than stating the sentence was imposed at hard labor. Nevertheless, when the trial judge states that the sentence is to the Department of Corrections, the sentence is necessarily at hard labor.
 
 Rodion v. Blackburn,
 
 97-2799, p. 4 (La.App. 1 Cir. 12/28/98), 727 So.2d 602, 604. Therefore, no corrective action is necessary.
 

 Finally, we note that Mr. Martin was sentenced to 40 years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence on the original armed robbery conviction. However, his multiple-bill sentence was only imposed without the benefit of probation or suspension of sentence. Contrary to the penalty provision for armed robbery,
 
 [2]
 
 no restriction was placed on parole.
 

 Nevertheless, when a criminal statute requires that all or portion of a sentence be served without the benefit of probation, parole, or suspension of sentence, La. R.S. 15:301.1(A) provides:
 

 [t]he failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence
 
 shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence,
 
 (emphasis added).
 

 In addition, the Louisiana Supreme Court stated in
 
 State v. Williams,
 
 00-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799, that in instances where the restrictions are not recited at sentencing, La. R.S. 15:301.1(A) “deems that those required statutory re
 
 *47
 
 strictions are contained in the sentence, whether or not imposed by the sentencing court.” La. R.S. 15:301.1(A) self-activates the correction and eliminates the need to remand for a ministerial correction.
 
 Id.
 
 Due to the self-activating provision of La. R.S. 15:301.1, Mr. Martin’s multiple-bill sentence on armed robbery is also imposed without the benefit of parole.
 

 Mr. Martin’s conviction and sentence is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . The bill of information charged Mr. Martin as well as two of his co-defendants. At the time of trial, however, the cases were severed.
 

 [2]
 

 . See La. R.S. 14:64.