JUDE G. GRAVOIS, Judge.
|2Pefendant, Michael Martin, appeals his conviction of possession of cocaine with intent to distribute, a violation of LSA-R.S. 40:967(A). On appeal, he argues that the evidence introduced at his trial was insufficient to convict him, and that the trial court erred in denying his motion for a new trial. We pretermit discussion of the assigned errors, however, finding for the following reasons that defendant’s appeal is untimely, necessitating a dismissal of this appeal.

DISCUSSION

Louisiana Code of Criminal Procedure article 914 provides:
*1005 A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
(1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Thirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
|SA review of the record herein reveals that defendant’s written motion for an appeal was untimely. The record reflects that defendant was convicted on May 26, 2011 and was sentenced on June 20, 2011. However, defendant made no oral motion for an appeal either upon his conviction or upon his sentencing, and did not file a motion to reconsider sentence. Defendant filed a written motion for an appeal on August 1, 2011, 42 days after sentencing.[1]
When a defendant fails to move for an appeal within the time provided in LSA-C.Cr.P. art. 914, he loses his right to obtain an appeal by simply filing a motion for an appeal in the trial court. State v. Gray, 04-1272, p. 3 (La.App. 5 Cir. 4/26/05), 902 So.2d 1060, 1061 (Citation omitted). This is not because the trial court has been divested of jurisdiction, but rather because the conviction and sentence became final when the defendant failed to appeal timely. Id. (Citation omitted.) After the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains reinstatement of his right to appeal. Id. (Citation omitted.)
A defendant who has failed to appeal timely can seek reinstatement of his right to appeal in the district court in which the conviction was obtained. Gray, 04-1272 at 3, 902 So.2d at 1061 (Citation omitted). The appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal, after the delay provided in LSA-C.Cr.P. art. 914 has expired, is a timely-filed application for post-conviction relief. Id. (Citation omitted.)
We note that in State ex rel. Egana v. State, 00-2351 (La.9/22/00), 771 So.2d 638, the Louisiana Supreme Court directed this Court to reconsider the timeliness of a pro se litigant’s appeal by reviewing his district court filings, made after conviction and sentence, reading them “fairly and in conformance with | principles applicable in review of pro se pleadings,” to determine if they could be construed as motions for an appeal.
In two later cases involving counseled defendants, this Court again applied the principles expressed in Egana to determine if the oral and/or written motions by counsel made after conviction and sentence could be construed as timely-filed motions for an appeal. In State v. Taylor, 03-127 (La.App. 5 Cir. 5/28/03) 848 So.2d 141, this Court dismissed an appeal as untimely when the defendant failed to move for an appeal within the time allowed by Article 914 (then five days). Citing Egana, this Court found that Mr. Taylor was represented by counsel, who gave notice of his intent to file a writ application on two specific claims: the failure to grant a motion for mistrial, and the failure to set bail. Only one of those claims, the one regarding mistrial, was appealable; and further, the appellate brief itself did not assign the mistrial claim as an error, but assigned other issues as errors. Accordingly, this Court found that the oral motion for a writ application on those two specific claims, *1006 when “read fairly and in conformance with principles applicable,” should not be construed as a motion for an appeal, and dismissed the appeal, instructing the defendant to seek reinstatement of his appeal rights by way of application for post-conviction relief filed in the district court.
A different result was obtained in State v. Armant, 02-907 (La.App. 5 Cir. 1/28/03), 839 So.2d 271, where defense counsel gave oral notice at the sentencing hearing of her intent to take a writ application from the conviction and sentence. In that case, this Court maintained the appeal, finding that the oral motion for a writ should be construed as a timely motion for an appeal.
The instant case differs from Taylor and Armant in that here, defense counsel made no oral or written motions, either at the trial or at sentencing, that could be construed as a motion for an appeal. Defendant’s written motion for an Rappeal was not filed until 42 days after defendant’s date of sentencing.[2] Therefore, defendant’s appeal must be dismissed as untimely. Defendant can seek reinstatement of his appeal rights, if he so chooses, by way of a timely-filed application for post-conviction relief seeking an out-of-time appeal filed in the district court.

CONCLUSION

For the reasons set forth above, this appeal is hereby dismissed.

APPEAL DISMISSED

. See LSA-C.Cr.P. art. 13 for rules regarding computation of time.

. When defendant's motion for a new trial was denied in open court, counsel for defendant asked that his objection be noted. This assertion falls far short of expressing an intent to appeal the conviction.