JUDE G. GRAVOIS, Judge.
| ^Defendant, Steven C. Oliver, appeals his convictions and sentences for possession of marijuana with the intent to distribute, possession of a firearm by a convicted felon, and possession of hydro-eodone. For the reasons that follow, we affirm defendant’s convictions and sentences, and grant defendant’s appellate counsel’s motion to withdraw as counsel of record for defendant.

PROCEDURAL HISTORY

On June 1, 2011, the Jefferson Parish District Attorney filed a three-count bill of information charging defendant, in count one, with possession of marijuana with the intent to distribute, a violation of La. R.S. 40:966(A); in count two, possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1; and, in count three, possession of hydrocodone, a violation of La. R.S. 40:967(C).[1] Defendant pled not guilty at his arraignment on June 2, 2011.
|aOn January 23, 2012, defendant withdrew his pleas of not guilty, and after being advised of his Boykin[2] rights, pled guilty as charged to all three counts. In accordance with the plea agreement, .defendant was sentenced to fifteen years imprisonment in the custody of the Department of Corrections[3] on count one, ten years imprisonment in the custody of the Department of Corrections, without the benefit of probation, parole, or suspension of sentence on count two, and five years imprisonment in the custody of the Department of Corrections on count three. Defendant’s sentences were further ordered to be served concurrently with each other and concurrently with any other sentence defendant was serving at the time of sentencing.
On the same date, the State filed a multiple offender bill of information on count one, alleging defendant to be a second felony offender.[4] Defendant stipulated to the multiple offender bill. The trial judge then vacated defendant’s original sentence as to count one and sentenced defendant under La. R.S. 15:529.1 as a second felony offender to fifteen years imprisonment in the custody of the Department of Corrections, to be served without the benefit of probation or suspension of sentence. The trial court further ordered defendant’s enhanced sentence to run concurrently with his sentences imposed on counts two and three, as well as with any other sentences defendant was serving at the time of his sentencing.
|4On February 6, 2014, defendant filed an application for post-conviction relief seeking an out-of-time appeal, which was granted by the trial court on March 27, 2014.[5] Defendant’s appeal follows.

*972
FACTS

Because defendant’s convictions were the result of guilty pleas, and resolved without evidentiary hearings, the facts underlying the crimes that defendant was convicted of are not fully developed in the record.[6] The bill of information alleges, as to count one, that on April 20, 2011, defendant violated La. R.S. 40:966(A) “in that [he] did knowingly or intentionally possess with intent to distribute a controlled dangerous substance, to wit: Marijuana.” As to count two, the bill of information alleges that on the same date, defendant violated La. R.S. 14:95.1 “in that he did have in his possession a firearm, to wit: a sawed off shotgun, having been previously convicted of the crime of Possession With Intent to Distribute Cocaine, in violation of 40:967.A, under case number 06-3899, Division “P”, in the 24th Judicial District Court, Parish of Jefferson.” And as to count three, the bill of information also alleges that on the same date, defendant violated La. R.S. 40:967(C) “in that [he] did knowingly or intentionally possess a controlled dangerous substance, to wit: Hydrocodone.”

\ ¡ANDERS BRIEF

Under the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[7] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[8] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals *973 to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, supra, at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full 1 fidiscussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, supra, at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.

DISCUSSION

Defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. He contends that defendant was properly charged by bill of information, present in court, and represented by counsel at all stages of the proceedings. He asserts that defendant accepted the terms of his plea agreement after being fully advised of his constitutional rights by the trial court. He contends that defendant’s sentences were the sentences he bargained for in the plea agreement and that he was sentenced in accordance with the plea agreement. Counsel further notes that defendant stipulated to being a second felony offender and was resentenced on count one to the agreed upon term of imprisonment.
Appellate counsel filed a motion to withdraw as attorney of record which states he reviewed the entire record of the trial court, including all transcripts, and |7finds that there are no non-frivolous issues subject to argument on appeal. He further asserts that he forwarded defendant a copy of the brief filed along with the motion to withdraw, and requested that defendant be given an additional thirty days to file a pro se brief in this appeal should he so desire. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until August 7, 2014 to file a pro se supplemental brief. Defendant failed to'file a brief.
The State responds that appellate counsel has satisfied all requirements subject to the State v. Benjamin, supra, procedure in order to proceed with an Anders withdrawal. The State asserts that it agrees with appellate counsel that the potential issues that could arise on an appeal are wholly frivolous. The State further agrees that defendant was fully informed of the legal consequences, duration, and conditions of the sentences he would receive, and he was also fully informed of the rights he was voluntarily waiving by pleading guilty to the charged offenses. The *974 State recognizes that defendant was fully apprised of the statutory range of penalties for his offenses and the sentences he would receive. Accordingly, the State concludes that any possible issue regarding defendant’s sentencing would be wholly frivolous.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information in this case properly charged defendant and presents no non-frivolous issues supporting an appeal. As required, it plainly and concisely states the essential facts constituting the offenses charged. It also sufficiently identifies defendant and the crimes charged. See generally La.C.Cr.P. arts. 464^466.
|RAs reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him, including his arraignment, guilty plea proceedings, sentencing, and multiple bill proceedings, including his stipulation and his enhanced sentencing. As such, defendant’s presence does not appear to present any issue that would support an appeal.
Furthermore, defendant pled guilty to the charged offenses and admitted to being a second felony offender as alleged in the multiple bill. If a defendant pleads guilty, he normally waives all non-jurisdie-tional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing. State v. Schaefer, 97-465 (La.App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
The record also indicates that defendant filed several pre-trial motions, including motions to suppress, which do not appear to have been ruled upon prior to the time defendant entered his guilty pleas. When a defendant does not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. See State v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Thus, there were no rulings to preserve for appeal under the holding in State v. Crosby, 338 So.2d 584 (La.1976).
Additionally, it does not appear that the record reveals any irregularities in defendant’s guilty pleas. Once á defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to | flenter the plea by a plea bargain, or what he justifiably believes was a plea bargain, and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
The record shows that defendant was aware he was pleading guilty to one count of possession of marijuana with the intent to distribute, one count of possession of a firearm by a convicted felon, and one count of possession of hydrocodone. Further, on the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination, in compliance with Boykin. On the waiver of rights form, defendant made an affirmative notation next to each of these rights and placed his signature at the end of the form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, de *975 fendant also indicated that he understood that he was waiving these rights.
Defendant was also informed that his guilty pleas could be used to enhance a penalty for any future conviction. Defendant indicated that he understood the possible legal consequences of pleading guilty and confirmed that he had not been forced, coerced, or threatened into entering his guilty pleas. Further, defendant was informed during the colloquy and by means of the waiver of rights form of the sentencing range for the offenses as well as the actual penalties that would be imposed upon acceptance of his guilty pleas. After his colloquy with defendant, the trial judge accepted defendant’s guilty pleas as knowingly, intelligently, freely, and voluntarily made.
Moreover, defendant’s underlying sentences do not appear to present issues for appeal. His underlying sentences were imposed pursuant to a plea agreement. Defendant knew what his sentences would be if he chose to plead guilty, and it |10appears defendant received sentences in conformity with the agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46; State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Further, defendant’s sentences fall within the sentencing ranges prescribed by the statutes. See La. R.S. 40:966(B)(3); La. R.S. 14:95.1; and La. R.S. 40:967(C)(2).[9]
As for the multiple offender proceedings, defendant executed a waiver of rights form, which reflects that defendant admitted that he was a second felony offender with a prior felony conviction as listed in the multiple bill that was attached to the waiver of rights form. The form suggests that a copy of the multiple bill was given to him and reviewed by him and his attorney. By means of this form, defendant indicated that by stipulating to the allegations in the multiple offender bill, he was giving up his right to plead not guilty and to have a hearing on the multiple bill. The form further explains what the District Attorney was required to prove at such a hearing. Defendant also indicated, by means of his initials, that he understood that he had the right to remain silent throughout the hearing. The form reflects that defendant faced a sentencing range of fifteen to sixty years imprisonment as a second felony offender, and that he would receive fifteen years. Defendant indicated, by means of his initials, that he was satisfied with the way his attorney and the court explained his rights and the consequences |nof his guilty plea. He indicated that he was not forced, coerced, or threatened to stipulate. The form was signed by defendant, his attorney, and the judge. The *976 judge indicated that he was accepting the plea as knowingly, intelligently, freely, and voluntarily made by defendant.[10]
Also, at the start of the multiple bill colloquy, the trial judge explained that by entering a stipulation to the allegations in the multiple bill, he was giving up his right to plead not guilty and to have a hearing on the multiple bill. Defendant was further advised by the trial judge what the district attorney was required to prove at such a hearing. Defendant acknowledged that he understood these rights and wished to waive them. Defendant indicated that he was satisfied with the representation of his attorney and that he had not been forced, coerced, or threatened into pleading guilty. Defendant further indicated that he understood the possible legal consequences of pleading guilty and wished to plead guilty.
The trial judge, however, did not verbally advise defendant of his right to remain silent at the multiple bill proceedings. Although the judge did not explain defendant’s right to remain silent, we find that based on the context of the record, the waiver of rights form was executed prior to the multiple bill stipulation, and the form contained a proper advisal.
La. R.S. 15:529.1 requires the trial court to advise a defendant of the allegations contained in the information, his right to a hearing, and his right to remain silent. State v. Abdul, 11-863 (La.App. 5 Cir. 4/24/12), 94 So.3d 801, 821, writ denied, 12-1224, 12-1226 (La.10/12/12), 99 So.3d 41. The failure of the trial court to advise a defendant of his right to a trial and to remain silent is harmless error when the multiple offender status is established by competent evidence offered by the State at a hearing, rather than by the admission of the defendant. Id. | ^However, there is reversible error when the defendant stipulates to the multiple bill without having been informed of his right to a hearing or his right to remain silent. State v. Johnson, 11-63 (La.App. 5 Cir. 11/15/11), 78 So.3d 255, 263. See also State v. Common, 10-996 (La.App. 5 Cir. 11/15/11), 78 So.3d 237, 244, writ denied, 11-2779 (La.9/28/12), 98 So.3d 825.
Louisiana jurisprudence provides that if the record reflects that the defendant was advised of his multiple offender rights by the trial judge and/or his attorney, then the defendant intelligently waived his rights. State v. Hart, 10-905 (La.App. 5 Cir. 5/10/11), 66 So.3d 44, 48, writ denied, 11-1178 (La.11/18/11), 75 So.3d 448.
In State v. Williams, 05-582 (La.App. 5 Cir. 2/14/06), 924 So.2d 327, 332-33, this Court recognized on error patent review that the record reflected that the trial judge failed to advise the defendant of his multiple offender rights prior to his stipulation to the multiple bill. This Court found that although the judge did not advise the defendant in court of his multiple offender rights, the colloquy indicated that defense counsel had advised the defendant of those rights and the record contained a waiver of rights form that listed the multiple offender rights. This Court also noted that the form was dated on the same date that the defendant stipulated to the multiple bill, which was signed by the defendant, his counsel, and the judge. After considering the exchange that took place among the parties and the waiver of rights form, this Court found that the defendant was adequately advised of his rights before he stipulated to the multiple bill and that he knowingly and intelligently waived those rights.
*977 In the present case, although defendant was not advised verbally of his right to remain silent by the trial judge during the colloquy, the waiver of rights form, which is signed by defendant, his counsel, and the judge, does reflect that | ^defendant was advised of his right to remain silent, and defense counsel makes specific reference to the waiver of rights form prior to the judge’s accepting of defendant’s stipulation to the multiple bill. Specifically, before commencement of the underlying guilty plea proceedings and multiple offender proceeding, defense counsel stated “[a]t this time the defendant would withdraw any former plea of not guilty, and tender a plea of guilty to the charge therein. He is also intending to plead guilty to a second offense multiple offender, and I present the Boykins in both matters, Your Honor.” (Emphasis added.) As such, it appears from the record that defendant was advised of his rights and executed the waiver of rights form prior to the colloquy presented in the transcript.
Upon review, we find that the record clearly established that defendant and his counsel had completed the waiver of rights form prior to the stipulation in the colloquy; thus, we find that there was an adequate advisal provided via the written waiver of rights form dated the same date as defendant’s stipulation and offered into the record prior to the pertinent colloquy. We thus find that there were no non-frivolous issues for counsel to raise on appeal involving defendant’s stipulation to the multiple bill.
After stipulating to the multiple bill, the trial judge imposed a sentence in conformity with the “plea agreement.” As previously noted, this Court has consistently recognized that La.C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. State v. Moore, supra. Defendant’s enhanced sentence was within the sentencing range as well.[11]
1 uFurther, by stipulating to the multiple bill, we find that defendant waived his right to a hearing, and any possible non-jurisdictional defects were also waived. As previously noted, defendant is barred from asserting on appeal that the State failed to produce sufficient proof at the multiple bill hearing when he waived the hearing. See Schaefer, supra.
Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we affirm defendant’s convictions, underlying sentences on counts two and three, multiple bill stipulation, and enhanced sentence on count one. Furthermore, appellate counsel’s motion to withdraw as attorney of record is hereby granted.

ERRORS PATENT REVIEW

Defendant requests an errors patent review. However, this Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Weiland, 556 So.2d 175 (La.App. 5 *978 Cir.1990), regardless of whether defendant makes such a request.

Patent Error Number One

Although the commitment reflects that defendant was given a proper advisal of the time period for seeking post-conviction relief as required by La.C.Cr.P. art. 930.8, the transcript indicates an incomplete ad-visal. Specifically, the transcript indicates that the trial court advised defendant that he has “two years from the date the sentence becomes final to file post[-]conviction relief applications.” The transcript prevails when there is a discrepancy between the commitment and the transcript. State v. Lynch, 441 So.2d 732, 734 (La.1983).
|1sIf a trial court fails to advise, or provides an incomplete advisal, pursuant to La.C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief by means of its opinion.[12] Accordingly, we now advise defendant by way of this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.

Patent Error Number Two

It appears that defendant’s sentence on count two is illegally lenient in that it was imposed without the mandatory fine. La. R.S. 14:95.1 provides for a fine of “not less than one thousand dollars nor more than five thousand dollars.” Neither party raises this issue. Defendant pled guilty and also appears indigent, as reflected by his representation in this matter by the Louisiana Appellate Project. As such, even though we find defendant’s sentence on count two is illegally lenient because of the lack of fine, we decline to disturb defendant’s sentence. See State v. England, 09-746 (La.App. 5 Cir. 3/9/10), 38 So.3d 383, 391.

CONCLUSION

For the foregoing reasons, we affirm defendant’s convictions and sentences and grant appellate counsel’s motion to withdraw as counsel of record.

CONVICTION AND SENTENCES AFFIRMED: MOTION TO WITHDRAW GRANTED

. Defendant was charged along with co-defendant Trellis E. Hill in counts one and three of the bill of information,

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Although the trial court did not say "at hard labor” when sentencing defendant, he did state defendant's sentences were to be served in the custody of the "Department of Corrections.” This Court has previously held that when the trial judge states that the defendant is sentenced to the Department of Corrections, the sentence is necessarily at hard labor; therefore, no corrective action is necessary. See State v. Martin, 10-710 (La.App. 5 Cir. 5/24/11), 70 So.3d 41, writ denied, 11-1367 (La.2/3/12), 79 So.3d 1023, cert. denied, - U.S. -, 133 S.Ct. 142, 184 L.Ed.2d 69 (2012).

. The multiple bill alleges that on September 23, 2010, defendant pled guilty in Division "B” of Orleans Parish Criminal District Court in case number 499-666 to violating La. R.S. 14:68.4 and was sentenced to a five-year suspended sentence at hard labor.

. Defendant's conviction and sentence became final when defendant failed to make a *972 timely motion for appeal or a timely motion to reconsider sentence. A defendant who has failed to appeal timely should file an application for post-conviction relief after the appeal delays have expired to seek the exercise of his right to appeal. State v. Counterman, 475 So.2d 336, 338 (La.1985); State v. Jupiter, 05-869 (La.App. 5 Cir. 2/3/06), 922 So.2d 1245, 1246-47; State v. Gray, 04-1272 (La.App. 5 Cir. 4/26/05), 902 So.2d 1060, 1061; State v. Sly, 97-380 (La.App. 5 Cir. 10/28/97), 701 So.2d 1059, writ denied, 97-2954 (La.4/3/98), 717 So.2d 230. Accordingly, in the instant case, defendant’s application for post-conviction relief was timely filed within two years after his appeal delays expired.

.Also, the plea colloquy contains no factual basis for the guilty pleas. However, it is noted that "the due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea. Louisiana law, unlike [federal law] has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis.” State v. Estes, 42,093 (La.App. 2 Cir. 5/9/07), 956 So.2d 779, 787, writ denied, 07-1442 (La.4/4/08), 978 So.2d 324. Due process requires a factual basis for a defendant’s guilty plea only when a defendant proclaims his innocence or when the trial court is otherwise put on notice that there is a need for an inquiry into the factual basis. Id.; See also State v. Johnson, 08-449 (La.App. 5 Cir. 12/16/08), 3 So.3d 17, 19, writ denied, 09-787 (La.12/18/09), 23 So.3d 932.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam ).

. The United States Supreme Court reiterated Anders, supra, in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. As to count one, defendant pled guilty to possession of marijuana with the intent to distribute. La. R.S. 40:966(B)(3) provides that the offender shall be sentenced to a term of imprisonment at hard labor for not less than five nor more than thirty years. Defendant was sentenced on count one to fifteen years in the custody of the Department of Corrections. As to count two, defendant pled guilty to possession of a firearm by a convicted felon. La. R.S. 14:95.1(B) provides that the offender shall be imprisoned at hard labor for not less than ten nor more than twenty years without the benefit of probation, parole, or suspension of sentence. Defendant was sentenced on count two to ten years imprisonment in the custody of the Department of Corrections, without the benefit of probation, parole, or suspension of sentence. As to count three, defendant pled guilty to possession of hydrocodone. La. R.S. 40:967(C)(2) provides that the offender shall be imprisoned with or without hard labor for not more than five years.- Defendant was sentenced on count three to five- years imprisonment in the custody of the Department of Corrections.

. Notably, the acceptance of defendant's stipulation to the multiple bill is reflected via the waiver of rights form. The trial judge did not verbally accept defendant's stipulation at the multiple bill proceedings.

. The term of imprisonment for a second felony offender "shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.” See La. R.S. 15:529.1. A conviction under La. R.S. 40:966(A) carries a term of imprisonment at hard labor for not less than five nor more than thirty years. Thus, as a second felony offender, defendant was subject to a sentencing range of fifteen to sixty years of imprisonment. Because defendant’s enhanced fifteen-year sentence is within the sentencing range and was imposed pursuant to the stipulation, it does not appear that the sentence presents a non-frivolous issue to raise on appeal.

. See State v. Brooks, 12-226 (La.App. 5 Cir. 10/30/12), 103 So.3d 608, writ denied, 12-2478 (La.4/19/13), 111 So.3d 1030; State v. Taylor, 12-25 (La.App. 5 Cir. 6/28/12), 97 So.3d 522, 538; State v. Jacobs, 07-887 (La.App. 5 Cir. 5/24/11), 67 So.3d 535, writ denied, 11-1753 (La.2/10/12), 80 So.3d 468, cert. denied, - U.S. -, 133 S.Ct. 139, 184 L.Ed.2d 67 (2012); State v. Neely, 08-707 (La.App. 5 Cir. 12/16/08), 3 So.3d 532, 538, writ denied, 09-0248 (La. 10/30/09), 21 So.3d 272; State v. Davenport, 08-463 (La.App. 5 Cir. 11/25/08), 2 So.3d 445, 451, writ denied, 09-0158 (La.10/16/09), 19 So.3d 473.