MOLAISON, J.
Defendant, Roy Garland, has appealed his conviction and judgment on one count of manslaughter and one count of possession of a firearm by a convicted felon following a guilty plea to both charges on June 23, 2014. We dismiss defendant's appeal upon finding that the motion for appeal was untimely filed.
Louisiana Code of Criminal Procedure Article 914, provides:
A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
(1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Thirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
When a defendant fails to make a motion for appeal within the time provided in Article 914, he loses his right to obtain an appeal. State v. Martin , 12-74 (La. App. 5 Cir. 9/25/12), 101 So.3d 1004, 1005 (citing State v. Gray , 04-1272 (La. App. 5 Cir. 4/26/05), 902 So.2d 1060, 1061 ). Upon expiration of the thirty-day period, the conviction and sentence are final. State v. Frank , 2005-232 La. App. 3 Cir. 3/9/05, 898 So.2d 614, 615, 05-0232 (La. App. 3 Cir. 3/09/05). Here, defendant failed to file a motion for appeal by July 23, 2014-thirty days from the date of his convictions and sentences. Thus, defendant's only recourse was to seek reinstatement of his right to appeal in the trial court. State v. Counterman , 475 So.2d 336 (La. 1985). The appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal, after the delay provided in La. C.Cr.P. art. 914 has expired, is a timely-filed application for post-conviction relief. Gray , 902 So.2d at 1061 (citation omitted).
However, La. C.Cr.P. art. 930.8 provides that an application for post-conviction relief, including a request for out-of-time appeal, must be filed within two years from the date a defendant's conviction and sentence become final, which in this case would have been on or before July 23, 2016. Here, defendant failed to file such an APCR, thus, his convictions and sentences became final on July 23, 2016. See State v. Lewis , 17-663 (La. App. 5 Cir. 4/11/18), 244 So.3d 845, 847 (citing State v. Williams , 16-32 (La. App. 5 Cir. 8/24/16), 199 So.3d 1205, 1209 ). Thus, this Court lacks jurisdiction to review any alleged errors now raised on appeal regarding defendant's underlying convictions and sentences imposed on June 23, 2014. See Lewis , supra .
*1178 Jurisdiction regarding defendant's alleged "re-sentencing" on September 7, 2017
On July 27, 2017, approximately one year after defendant's convictions and sentences became final, defendant filed a pro se motion to rectify illegal sentence, correctly asserting that the trial court improperly restricted parole as to his forty-year sentence on his manslaughter conviction. See La. R.S. 14:31(B). Thus, in open court at a hearing held on September 7, 2017, the trial court corrected defendant's sentence on count one only by deleting the benefit restrictions previously imposed at the time of his guilty plea and sentencing on June 23, 2014.
On June 26, 2018, defendant filed an APCR claiming the trial court erred in failing to appoint counsel to represent him at his "re-sentencing" held on September 7, 2017, and asserted that the trial court further failed to vacate his original sentence prior to imposing his "new sentence." On July 25, 2018, the trial court granted defendant an out-of-time appeal, noting in the procedural recitation of the court's order that on September 7, 2017, it had granted defendant's pro se motion to rectify illegal sentence, correcting defendant's illegal sentence "as it pertained to parole benefits on the manslaughter charge."
If a sentence is illegal, then the illegality can be corrected by any court at any time under La. C.Cr.P. art. 882. Here, defendant asserts that he was "re-sentenced" on September 7, 2017; however, the ministerial correction that occurred in this case to delete the restriction of benefits on count one does not rise to the level to warrant a description as a "re-sentencing." This correction of defendant's sentence
did not involve the exercise of any discretion by the trial court, and thus there is no need for appeal or other review of a decision favorable to defendant by the trial court. Defendant had no right to counsel, and even his presence in court when the correction was made was unnecessary. The same correction could have been made merely on the pleadings.
State v. Littleton , 43,609 (La. App. 2 Cir. 5/7/08), 982 So.2d 978, 980. See also , State v. Brumfield , 13-2390 (La. 11/14/14), 152 So.3d 870, reh'g denied , 13-2390 (La. 4/2/15), 162 So.3d 393.
In the instant matter, the trial court cured a non-discretionary, ministerial error on a determinate sentence. Therefore, the trial court's correction of defendant's manslaughter sentence to delete the restriction of benefits is not considered a resentencing that is accompanied by the right to appeal. Accordingly, defendant has no right to his present appeal from the ministerial correction of his sentence which occurred on September 7, 2017.
Decree
Based on the foregoing, this appeal is dismissed.
APPEAL DISMISSED.