STATE OF LOUISIANA

VERSUS

KENNETH THOMAS

NO. 19-KA-513

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-6562, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING


June 03, 2020


**FREDERICKA HOMBERG WICKER**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Marc E. Johnson


**AFFIRMED**
    **FHW**
    **SMC**
    **MEJ**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
 Honorable Paul D. Connick, Jr.
 Thomas J. Butler
 Andrea F. Long
 Matthew Whitworth
 Brittany Beckner

COUNSEL FOR DEFENDANT/APPELLANT,
KENNETH THOMAS
 Bruce G. Whittaker

**WICKER, J.**

The defendant was convicted, by a jury trial on April 16, 2019, of unauthorized entry of an inhabited dwelling (La. R.S. 14:62.3). The trial judge also found defendant guilty of resisting arrest (La. R.S. 14:108), which was tried simultaneously. After his motion for new trial was denied, he was sentenced on May 2, 2019 to six years at hard labor, to run concurrent with his six-month sentence for his conviction for resisting arrest, and with any sentence he was presently serving. Thereafter, defendant filed a motion for reconsideration of sentence, which was denied, and then a motion appeal from the "Trial Verdict rendered herein on the 16th day of April, 2019 and the Sentence imposed herein on the 2nd day of May 2019." In the motion for appeal, defendant stated that "the anticipated habitual offender bill has not yet been filed." Defendant's motion for appeal was granted by the trial court on June 19, 2019.

On September 18, 2019, the State filed a multiple offender bill of information against defendant, alleging that he was a fourth or higher felony offender under La. R.S. 15:529.1. On September 19, 2019, a multiple bill hearing was held, and the trial court found defendant was a fourth or higher felony offender under La. R.S. 15:529.1. On October 3, 2019, the trial court vacated its original sentence and resentenced defendant as a multiple offender to thirty years in the Department of Corrections without the benefit of probation or suspension of sentence.

The facts adduced at trial are as follows: On October 13, 2018, Deputy Clarence Davis with the Jefferson Parish Sheriff's Office was driving in his marked police unit when he observed a vehicle matching a stolen vehicle alert. Deputy Davis activated his lights and pulled behind the vehicle. A black male exited the vehicle and ran toward Friedrichs Street.

19-KA-513                                    1

Retricia Miller was standing outside her apartment with the door halfway open at 124 Friedrichs Road, Apartment G, in Terrytown, talking to her neighbor, when a black male, later identified as defendant, shoved her into the apartment, entered himself, and locked the door. Ms. Miller's twelve-year-old daughter was present during this encounter. Ms. Miller repeatedly told him to leave, however defendant refused. After observing police officers outside of the residence, she told him that if he did not leave the apartment by the back door, she would open the front door. Once defendant went out the back door, she locked him out. Defendant was then apprehended. At trial, Ms. Miller testified that she did not give defendant permission to enter the apartment.

In this appeal, defendant's sole assignment of error challenges the excessiveness of his multiple offender sentence and also alleges that his defense counsel was ineffective at the multiple offender hearing. However, defendant's motion for appeal was filed on June 18, 2019, and states that defendant was "aggrieved by: A. The Trial Verdict rendered herein on the 16th day of April, 2019 and the Sentence imposed herein on the 2nd day of May 2019" and that "the anticipated habitual offender bill has not yet been filed." Because the motion for appeal was filed before the state filed a habitual offender bill, the motion does not provide Defendant with a method to seek review of his adjudication as a multiple offender or the imposition of an enhanced sentence. *See State v. Williams*, 12-687 (La. App. 5 Cir. 5/16/13), 119 So.3d 228, 236-237, *writ denied*, 13-1335 (La. 12/2/13), 126 So.3d 500, (defendant's original motion for appeal, filed on May 26, 2011, and granted on May 31, 2011, specifically stated the verdict and sentences appealed and could not serve as a motion for appeal of defendant's subsequent multiple offender adjudication).

The defendant could have filed for direct appeal from his habitual offender adjudication and enhanced sentence, however, the appeal must have been taken

within the time delay provided in La. C.Cr.P. art. 914. *See Williams*, 119 So.3d at 236-237. In the instant matter, defendant failed to file any motion for an appeal under La. C.Cr.P. art. 914 concerning his multiple offender adjudication and enhanced sentence, and therefore defendant's assignment of error regarding the excessiveness of his enhanced multiple offender sentence is not properly before this Court. We therefore do not consider this assignment of error. Should defendant wish to have his multiple offender proceedings reviewed, his remedy is to seek reinstatement of his appeal rights in the trial court, by an application for post-conviction relief seeking an out-of-time appeal.[1]

Defendant presents no other assignments of error for consideration. We have reviewed the record for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990), and find the following which merit consideration.[2]

While the sentencing minute entry provides that defendant was advised that he had "two (2) years after judgement of conviction and sentence has become final to seek post-conviction relief," the transcript does not contain any such advisal by the trial court. See *State v. Lynch*, 441 So.2d 732, 734 (La. 1983). If a trial court fails to advise, or provides an incomplete advisal, pursuant to La. C.Cr.P. art. 930.8, we may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief by means of its opinion. Accordingly, by way of this opinion, we advise the defendant that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be

---

[1] When a defendant fails to move for an appeal within the time provided in La. C.Cr.P. art. 914, he loses his right to obtain an appeal by simply filing a motion for appeal in the trial court. *State v. Gray*, 04-1272 (La. App. 5 Cir. 4/26/05), 902 So.2d 1060, 1061. After the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains reinstatement of his right to appeal in the district court in which he was convicted. *Williams*, 119 So.3d at 236-37; *State v. Martin*, 12-74 (La. App. 5 Cir. 9/25/12), 101 So.3d 1004, 1005.

[2] We find that there are errors patent which render the original sentence imposed indeterminate, including the trial court's decision making the sentence concurrent with a future parole revocation. *See State v. Jamison*, 17-49 (La. App. 5 Cir. 5/17/17), 222 So.3d 908, 919. However, as that sentence was vacated and an enhanced sentence imposed, we need not address the errors patent in the now vacated sentence.

considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922. See *State v. Oliver*, 14-428 (La. App. 5 Cir. 11/25/14), 165 So.3d 970, 978, *writ denied*, 14-2693 (La. 10/9/15), 178 So.3d 1001.

For the above discussed reasons, defendant's conviction is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JUNE 3, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-KA-513

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
THOMAS J. BUTLER (APPELLEE)          ANDREA F. LONG (APPELLEE)

**MAILED**
BRUCE G. WHITTAKER (APPELLANT)       HONORABLE PAUL D. CONNICK, JR.
LOUISIANA APPELLATE PROJECT          (APPELLEE)
1215 PRYTANIA STREET                 DISTRICT ATTORNEY
SUITE 332                            BRITTANY BECKNER (APPELLEE)
NEW ORLEANS, LA 70130                MATTHEW WHITWORTH (APPELLEE)
                                     ASSISTANT DISTRICT ATTORNEYS
                                     TWENTY-FOURTH JUDICIAL DISTRICT
                                     200 DERBIGNY STREET
                                     GRETNA, LA 70053