CHEHARDY, C.J.
*611 Defendant Westley Simmons appeals his multiple offender adjudication as a second felony offender. For the reasons that follow, we affirm defendant's convictions and multiple offender adjudication, amend and affirm as amended defendant's multiple offender sentence, affirm defendant's other sentences, and remand the matter for correction of the commitment/minute entry and the Uniform Commitment Order.
FACTUAL AND PROCEDURAL HISTORY
On November 15, 2014, near Manhattan Boulevard and the Westbank Expressway in Jefferson Parish, a license plate reader flagged a passing vehicle as stolen. Deputy Thorin Guidry of the Jefferson Parish Sheriff's Office ("JPSO") was on duty nearby and tracked the vehicle to a residence in Harvey. There, with the assistance of JPSO Sergeant Lee Hardy and JPSO Deputies Chad Gagnon, Blake Hollifield, and Patrick New, the officers sought to recover the stolen vehicle. Upon speaking with an individual outside the residence, the officers detected an odor of marijuana and learned that the driver of the vehicle was inside the residence. The officers announced their presence and knocked on the partially opened door causing it to open fully and providing the officers with a complete view inside. The marijuana odor became stronger once the door was opened, making it apparent that it was coming from within the residence.
Through the opened door the officers observed an individual standing in the kitchen who was later identified as defendant and who matched the description of the driver of the stolen vehicle. Upon observing the officers, defendant attempted to escape out the back door and the officers gave chase. Deputy Hollifield observed defendant move his hands towards his right hip, suggesting that defendant was attempting to conceal or "grab for something." After a brief struggle, defendant was subdued and a firearm was recovered from his waistband. He was placed under arrest, advised of his Miranda[1] rights, and searched. From his pockets were recovered a key to the stolen car, a digital scale, five hundred fifty dollars in cash, Tramadol, and a clear plastic bag containing individually-wrapped quantities of crack cocaine, individually-wrapped foils of heroin, and a bag of powder cocaine. When asked about the key, defendant replied, "You got me. It was a crack rental[2] from a white guy in Avondale." At trial, however, defendant denied having the key to the stolen vehicle, the gun, and the drugs.
On December 5, 2014, the Jefferson Parish District Attorney filed a bill of information *612 charging defendant with possession with intent to distribute cocaine, a violation of La. R.S. 40:967(A) (count three); possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1 (count four); possession of heroin, a violation of La. R.S. 40:966(C) (count five); possession of cocaine, a violation of La. R.S. 40:967(C) (count six); and possession without a prescription of Tramadol, a violation of La. R.S. 40:1238.1 (count seven).[3] Defendant pled not guilty to the charges.
Following a two-day jury trial, on May 25, 2016, a twelve-person jury returned a verdict of guilty as charged on all counts. On June 17, 2016, the district court sentenced defendant to concurrent terms of five years imprisonment at hard labor on each of counts three, five, six, and seven; and on count four, the court sentenced defendant to a concurrent term of fifteen years imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence for the first ten years.[4]
On September 13, 2016, the State filed a multiple offender bill of information alleging defendant was a second felony offender. At the multiple bill hearing on December 21, 2016, the district court adjudicated defendant a second felony offender, vacated his original sentence on count three, and imposed an enhanced sentence of fifteen years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Defendant timely appealed.
DISCUSSION
In defendant's sole assignment of error on appeal, he argues that the trial court erred in adjudicating him a second felony offender. He contends that the State failed to introduce evidence of his predicate conviction at the multiple offender hearing. Defendant concedes that he admitted to the predicate conviction at his trial in relation to his charge of possession of a firearm by a convicted felon, but argues that evidence of this predicate conviction was still required to be offered and introduced at the multiple bill hearing.
At the December 21, 2016 multiple bill hearing, the assistant district attorney notified the court that evidence of defendant's predicate conviction had been introduced at trial with respect to his charge of possession of a firearm by a convicted felon, on which the jury returned a verdict of guilty. The ADA further pointed out that defendant took the stand at trial and admitted to this predicate conviction. The court asked defense counsel for argument on the multiple bill. Counsel replied:
Your Honor, as much as I would like to argue some facts or law, he has the convictions. We're aware and we've reviewed the documentation to that effect. He's admitted to it under oath on the witness stand. At this point, I have no argument to present, although I wish I did. There's nothing to present at this point.
*613 The judge, who had also presided over defendant's jury trial, took judicial notice of the evidence of defendant's predicate conviction introduced at trial and adjudicated defendant a second felony offender. See State v. Muhammad , 03-2991 (La. 5/25/04), 875 So.2d 45, 49 n.9 ("[A] trial judge has the right to take judicial cognizance of any prior proceedings which is part of the same case he previously tried."). In Muhammad , the Louisiana Supreme Court observed no error in the trial court's enhancement of a sentence in a multiple offender hearing based on evidence submitted in a previous multiple offender hearing. See Muhammad , 875 So.2d at 49.
In the instant case, after acknowledging his predicate conviction below, defendant now argues on appeal that the State failed to adequately prove his predicate conviction. Our review of this issue is precluded.
It is well settled that the failure to make a contemporaneous objection generally precludes appellate review of the issue. La. C.Cr.P. art. 841 ; State v. Griffin , 14-251 (La. App. 5 Cir. 3/11/15), 169 So.3d 473, 487. Here, not only was no objection raised at the multiple bill hearing, but defense counsel actually acknowledged defendant's predicate conviction. We refuse to allow defendant to obviate the need for the State to introduce evidence by acknowledging his predicate conviction and then exploit that lack of evidence on appeal. We therefore decline to consider defendant's assignment of error.
ERRORS PATENT REVIEW
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990). The following requires corrective action.
First, the district court did not adequately advise defendant of the applicable prescriptive period for filing an application for post-conviction relief. Therefore, by way of this opinion, and in accordance with La. C.Cr.P. art. 930.8(A), we advise defendant that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922. See State v. Oliver , 14-428 (La. App. 5 Cir. 11/25/14), 165 So.3d 970, 978, writ denied , 14-2693 (La. 10/9/15), 178 So.3d 1001.
Second, the restriction of parole benefits for all fifteen years of defendant's enhanced sentence is illegal. When a defendant is sentenced as a multiple offender, the penalty increase is computed by reference to the sentencing provisions of the underlying offense. State v. Victor , 11-45 (La. App. 5 Cir. 11/15/11), 82 So.3d 301, 318. Similarly, the conditions imposed on the sentence are those called for in the reference statute. Id.
At the time of the underlying offense on count three (November 15, 2014), La. R.S. 40:967(B)(4)(b) required the first two years of defendant's sentence to be without benefit of parole, probation, or suspension of sentence. And La. R.S. 15:529.1(G) required defendant's sentence to be without benefit of probation or suspension of sentence. Thus, parole benefits are to be restricted only during the first two years of defendant's enhanced sentence of fifteen years.
Pursuant to our authority under La. C.Cr.P. art. 882, we amend defendant's enhanced sentence on count three to delete the restriction of parole benefits for the entire term and order that only the first two years of his enhanced sentence are to be served without the benefit of parole. See *614 State v. McCloud , 04-1112 (La. App. 5 Cir. 3/29/05), 901 So.2d 498, 506, writ denied , 05-1450 (La. 1/13/06), 920 So.2d 235.
Third, the December 21, 2016 commitment/minute entry incorrectly reflects that defendant stipulated to the multiple bill of information. The transcript of the December 21, 2016 proceedings indicates that the district court adjudicated defendant a second felony offender based on evidence of his predicate conviction. Therefore, upon remand, the district court is ordered to amend the December 21, 2016 commitment/minute entry to reflect that defendant was adjudicated a second felony offender on the basis of evidence of his predicate conviction.
Lastly, the Uniform Commitment Order with respect to defendant's multiple offender adjudication and sentence does not accurately reflect his adjudication and sentencing dates. Upon remand, the district court is ordered to amend the Uniform Commitment Order to reflect the correct dates for defendant's multiple offender adjudication and sentencing as December 21, 2016. The district court is further ordered to amend the Uniform Commitment Order to reflect that only the first two years of defendant's enhanced fifteen-year sentence are to be served without the benefit of parole. The Clerk of Court for the 24th Judicial District Court is ordered to transmit the original of the amended Uniform Commitment Order to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections' Legal Department. See State v. Long , 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.
DECREE
For the foregoing reasons, we affirm defendant's underlying convictions and multiple offender adjudication. We amend defendant's multiple offender sentence on count three to delete the restriction of parole benefits for the entire term and order that only the first two years of this sentence are to be served without the benefit of parole. We affirm this sentence as amended. We affirm defendant's other sentences on counts four five, six, and seven. And we remand the matter for correction of the commitment/minute entry and the Uniform Commitment Order.
CONVICTIONS AFFIRMED; MULTIPLE OFFENDER SENTENCE AMENDED AND AFFIRMED AS AMENDED; SENTENCES AFFIRMED; REMANDED

Miranda v. Arizona , 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

In lieu of cash, use of an automobile is offered as payment for narcotics. This is often referred to as a "crack rental" or "rock rental."

Also charged in this bill of information was co-defendant Randy Owens with possession with intent to distribute marijuana, a violation of La. R.S. 40:966(A) (count one) and possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1 (count two). On April 27, 2016, Mr. Owens pled guilty to count one and to a reduced charge of attempted possession of a firearm by a convicted felon on count two.

We note that the district court's restriction of benefits to the first ten years of defendant's sentence on count four was in error, because La. R.S. 14:95.1(B) mandates that the entirety of the sentence is to be served without benefits. This error, however, does not require corrective action because mandatory restrictions on the eligibility of benefits are self-activating under La. R.S. 15:301.1(A). See State v. Hurd , 05-258 (La. App. 5 Cir. 11/29/05), 917 So.2d 567, 572, writ denied , 06-1128 (La. 11/17/06), 942 So.2d 530.