WICKER, J.
In this criminal appeal, defendant, Freddie Greenup, sought review of his convictions and sentences, imposed pursuant to guilty pleas, for four counts of distribution of cocaine in violation of La. R.S. 40:967(A) ; two counts of possession with intent to distribute cocaine in violation of La. R.S. 40:967(A) ; two counts of being a felon in possession of a firearm in violation of La. R.S. 14:95.1 ; and an adjudication and enhanced sentence as a multiple offender pursuant to La. R.S. 15:529.1.
After finding that defense counsel's brief failed to comply with the requirements set forth in *1112 Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), this Court issued an order instructing defense counsel to file a separate brief addressing the voluntariness of defendant's guilty pleas. We subsequently issued a per curiam order, remanding the matter to the trial court to hold a hearing to determine whether defendant's pleas were knowingly and voluntarily made. Specifically, this Court stated:
Our independent review of the record reflects a potential issue for appeal not addressed by counsel in her Anders brief. The record reflects that the trial judge imposed an illegally lenient sentence on defendant's convictions for being a felon in possession of a firearm in violation of La. R.S. 14:95.1. As stated above, the trial court sentenced defendant to fifteen years at hard labor for each of his felon in possession of a firearm convictions in violation of La. R.S. 14:95.1, with only the first ten years of each sentence to be served without benefit of probation, parole, or suspension of sentence However, La. R.S. 14:95.1 requires that the entirety of a defendant's sentence be imposed without benefit of probation, parole, or suspension of sentence. See La R.S. 14:95.1 ; State v. Simmons , 17-385 (La. App. 5 Cir. 12/27/17), 237 So.3d 610, 612, n.4. During defendant's Boykin colloquy, the trial court advised defendant as follows:
Court:
You understand that at the end of your guilty plea it's my intention to sentence you to 15 years at hard labor in the Department of Correction. Ten years of that on the 14:95.1 charge will be ordered to be served without benefit o[f] probation or parole or suspension of sentence and two years of each of the other counts will be ordered to [be] served without benefit o[f] probation or parole or suspension of sentence?
Defendant:
Say that again.
Court:
Sure. Of the 15 years that I intend to give you on all of these different counts, on the two counts of being a felon in possession of a firearm, ten years of that sentence will be without benefit or (sic ) probation or parole or suspension of sentence[.] You understand that?
Defendant:
Yes, sir.
Generally, a trial court is not required to furnish any "information about parole eligibility in order for the defendant's guilty plea to be voluntary."See Escobar v. Hall, 2016 WL 1171113, 2016 U.S. Dist. LEXIS 39303 (M.D. La. 3/2/16) (wherein the court found that the federal Fifth Circuit jurisprudence reflects that parole eligibility is a "collateral consequence" about which a defendant need not be informed); see also Billiard v. Prince , 2013 U.S. Dist. LEXIS 99072, * 46 (quoting Hill v. Lockhart , 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) ); Trotter v. Vannoy , 695 Fed. Appx. 738, 742 (5th Cir. 2017). Although a trial court's failure to inform a defendant of the mandatory statutory restriction of benefits under La. R.S. 14:95.1 does not render a guilty plea involuntary (see State v. Harrell , 09-364 (La. App. 5 Cir. 5/11/10), 40 So.3d 311 ), a more nuanced question may be presented when the trial judge misinforms a defendant concerning parole eligibility and the defendant relies on that information in deciding to plead guilty.
When a defendant is misinformed concerning his parole eligibility by counsel or the court, it "may be problematic" in analyzing the voluntariness of the defendant's guilty plea or a claim for ineffective assistance of trial counsel. See Billiard , supra; State ex rel. LaFleur v. Donnelly , 416 So.2d 82 (La. 1982) ; Hill v. Lockhart, supra ;
*1113 State v. Dillworth , 14-0586 (La. App. 1 Cir. 7/14/14), 2014 La. App. LEXIS 1762.3
On January 24, 2019, on remand from this Court, the trial court conducted a hearing concerning the voluntariness of defendant's guilty pleas. At the hearing, defendant acknowledged that his pleas were knowingly and voluntarily made and that the trial court's incorrect advice concerning parole eligibility was not a determinative factor in his decision to plead guilty. Following supplementation of the appellate record with the transcript of the January 24, 2019 hearing, defendant filed a motion to dismiss his appeal in this Court. Upon review of the original and supplemental records, we hereby grant defendant's motion to dismiss his appeal. Accordingly, this appeal is dismissed.
APPEAL DISMISSED