bDALEY, Judge.
The defendant was found guilty of possession with intent to distribute cocaine on September 30, 1997. His Motion for New Trial *449 was denied on November 3,1997, and he was sentenced to ten years imprisonment at hard labor. The State filed a habitual offender bill of information alleging the defendant was a third felony offender. The hearing on the multiple bill was held on February 12, 1998 at which time the defendant was adjudicated a third felony offender. On March 5, 1998, the trial court vacated the original sentence and imposed an enhanced sentence of life imprisonment without benefit of parole, probation, or suspension of sentence. Defense counsel objected to the sentence but did not move for an appeal.
On March 16, 1998, the defendant filed a Motion for Appeal, which was signed by the trial judge on March 30,1998.
Time limitations for criminal appeals are governed by LSA-C.Cr.P. art. 914, which provides:
_|A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
(1) Five days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Five days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
In the case before us, the defendant’s original sentence was imposed on November 3, 1997, and the enhanced sentence was imposed on March 5, 1998. The record reveals that the defendant did not make an oral motion for appeal at the either the original or enhanced sentencing. Nor did the defendant file a Motion to Reconsider Sentence. The written Motion for Appeal was filed on March 16, 1998, clearly beyond the five day period allowed by the Code of Criminal Procedure.
When the defendant has not filed a timely Motion for Appeal, his conviction and sentence are final. At this point the conviction and sentence are only subject to appellate review if the defendant obtains reinstatement of his right to appeal. State v. Counterman, 475 So.2d 336 (La.1985); State v. Ockmand, 95-413 (La.App. 5th Cir. 11/28/95), 665 So.2d 588. Defendant can have his conviction and sentence reviewed by this court by filing an application for post conviction relief in accordance with Code of Criminal Procedure articles 924-930.8.
Accordingly, this appeal is dismissed and this matter is remanded to allow the defendant to file an application for post conviction relief to obtain reinstatement of his right to appeal.
DISMISSED AND REMANDED.