FREDERICKA HOMBERG WICKER, Judge.
^Defendant, Tony Russell, appeals his convictions and sentences after pleading guilty to one count of possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1, and one count of possession of a firearm while in possession of a controlled dangerous substance, to wit: cocaine, in violation of La. R.S. 14:95(E). For the reasons that follow, we find that the trial court did not have jurisdiction to grant Mr. Russell’s request for an out-of-time appeal. Accordingly, Mr. Russell’s appeal is dismissed.
*918 FACTUAL AND PROCEDURAL HISTORY
On August 23, 2011, the Jefferson Parish District Attorney filed a bill of information charging Mr. Russell with one count of possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1, and one count of possession of a firearm while in possession of a controlled dangerous substance, to wit: cocaine, in violation of La. R.S. 14:95(E).[1] Mr. Russell pled not guilty to the charged offenses at his arraignment on September 27, 2011.
|3On June 21, 2012, Mr. Russell withdrew his plea of not guilty and pled guilty to both counts. The trial court sentenced Mr. Russell to fifteen years imprisonment at hard labor, to be served without benefit of probation and parole.[2] The trial court ordered that Mr. Russell’s sentences run concurrently. Mr. Russell did not seek an appeal of his convictions or sentences.
On March 20, 2014, Mr. Russell filed a Uniform Application for Post-Conviction Relief, which was later denied by the trial court. Mr. Russell subsequently filed a writ application with this Court seeking supervisory review of the trial court’s judgment denying his Application for Post-Conviction Relief.[3] On July 23, 2014, this Court denied Mr. Russell’s writ application, finding no error in the trial court’s prior judgment.[4]
On August 25, 2014, Mr. Russell filed a motion for out-of-time appeal, which was granted by the trial court on September 11, 2014. In granting defendant’s motion, the trial court stated that it would “construe petitioner’s pleading as” an application for post-conviction relief, thus, concluding that defendant’s motion was within the time limit for seeking an out-of-time appeal.
DISCUSSION
Louisiana Code of Criminal Procedure Article 914 describes the procedural requirements for appeals of criminal convictions and sentences. According to Louisiana Code of Criminal Procedure Article 914, a motion for an appeal in a criminal matter must be made either “[tjhirty days after the rendition of the [Judgment or ruling from which the appeal is taken,” or “[tjhirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.” When a defendant fails to file a timely Motion for Appeal, his conviction and sentence are final. State v. Hollins, 98-768 (La.App. 5 Cir. 01/13/99), 726 So.2d 448, 449. In this case, Mr. *919 Russell failed to file a timely motion for appeal under Louisiana Code of Criminal Procedure Article 914. Therefore, Mr. Russell’s sole vehicle for obtaining an appeal was to seek reinstatement of his right to appeal in the trial court. State v. Counterman, 475 So.2d 336, 340 (La.1985).
The appropriate procedural remedy for a defendant seeking to exercise his right to appeal after his conviction and sentence becomes final is an application for post-conviction relief pursuant to Louisiana Code of Criminal Procedure Articles 924-930.7. State v. Gray, 04-1272 (La.App. 5 Cir. 04/26/05), 902 So.2d 1060, 1061. However, Louisiana Code of Criminal Procedure Article 930.8 provides that applications for post-conviction relief, including requests for out-of-time appeals, must be filed within two years from the date that a defendant’s conviction and sentence become final, unless certain specific exceptions apply.[5]
|sThe trial court does not have jurisdiction to grant an untimely application for an out-of-time appeal absent showing an exception to the time limitation as provided for by Article 930.8. State v. Daigle, 593 So.2d 676 (La.App. 3 Cir.1991), writ denied, 604 So.2d 980 (La.1992).[6] This Court may address the untimeliness of an application on its own motion. State ex rel. Glover, 93-2330 (La.9/5/95), 660 So.2d 1189.
In this case, Mr. Russell’s conviction and sentence became final on July 21, 2012. Pursuant to Louisiana Code of Criminal Procedure Article 930.8, Mr. Russell’s right to request an out-of-time appeal expired on July 21, 2014. In his request for an out-of-time appeal, Mr. Russell did not claim that any of the enumerated exceptions to the time limitation contained in Louisiana Code of Criminal Procedure Article 930.8 apply to his conviction. Accord *920 ingly, Mr. Russell’s August 25, 2014 motion for out-of-time appeal, which the trial court construed as an application for post-conviction relief, was untimely. Because the time delays in Louisiana Code of Criminal Procedure Article 930.8 are jurisdictional, the trial court had no authority to grant Mr. Russell’s request for an out-of-time appeal. Accordingly, Mr. Russell’s appeal is dismissed.
CONCLUSION
For the foregoing reasons, Mr. Russell’s untimely request for an out-of-time appeal is dismissed.

DISMISSED

. Because Mr. Russell’s convictions were the result of guilty pleas, and resolved without evidentiary hearings, the facts underlying the crimes of conviction are not fully developed in the record. According to the bill of information, on July 12, 2011, Mr. Russell violated La. R.S. 14:95.1 "in that he did have in his possession a firearm, having been previously convicted of the crime of Possession With Intent to Distribute Cocaine, in violation of R.S. 40:967(A), in the 24th Judicial District Court, Parish of Jefferson, under case number 00-3785[.]” The bill of information further alleges that on the same date, defendant violated La. R.S. 14:95(E) in that he did possess a "Taurus 9mm handgun while in possession of a Controlled Dangerous Substance, to wit: Cocaine[.]”

. Because of issues not germane to this appeal, Mr. Russell’s original sentence was vacated, and Mr. Russell was subsequently re-sentenced. Notably, Mr. Russell was advised during both sentencing hearings of the two year prescriptive period for filing an application for post-conviction relief under Louisiana Code of Criminal Procedure Article 930.8.

. Mr. Russell's March 20, 2014 Application for Post-Conviction Relief did not contain a request for an out-of-time appeal.

. See State v. Russell, 14-KH-475 (La.App. 5 Cir. 7/23/14) (unpublished writ disposition).

. According to Louisiana Code of Criminal Procedure Article 930.8:
No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
(1)The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his prior attorneys. Further, the petitioner shall prove that he exercised diligence in attempting to discover any post-conviction claims that may exist. "Diligence” for the purposes of this Article is a subjective inquiry that must take into account the circumstances of the petitioner. Those circumstances shall include but are not limited to the educational background of the petitioner, the petitioner’s access to formally trained inmate counsel, the financial resources of the petitioner, the age of the petitioner, the mental abilities of the petitioner, or whether the interests of justice will be served by the consideration of new evidence. New facts discovered pursuant to this exception shall be submitted to the court within two years of discovery.
(2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.
(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.
(4) The person asserting the claim has been sentenced to death.

. See also State v. Theard, 04-1212 (La.06/17/05), 904 So.2d 681 (where the supreme court held that the "courts below” erred by considering the merits of the defendant’s out-of-time appeal granted years after finality of the defendant’s conviction and sentence.).