GRAVOIS, J.
INTRODUCTION
This is defendant Torrey Brown’s second appeal. On original appeal, this Court affirmed defendant’s underlying convictions and sentences. See State v. Brown, 12-922 (La.App. 5 Cir. 12/12/13), 131 So.3d 207. In his second appeal, defendant seeks review of his habitual offender adjudication. For the reasons that follow, we find that defendant’s request for an out-of-time appeal concerning his habitual offender adjudication was untimely. Accordingly, defendant’s appeal is dismissed.
PROCEDURAL HISTORY
On May 19, 2009, the Jefferson Parish District Attorney filed a bill of information charging defendant, Torrey D. Brown, with two counts of “battery upon a police officer while being detained in any jail, prison, correctional facility, juvenile institution, temporary holding center, half-way house, or detention facility,” in violation of La. R.S. 14:34.2(B). At his arraignment on May 20, 2009, defendant pled not guilty to these charges.
On September 12, 2012, defendant proceeded to a jury trial and was found guilty as charged as to both counts. On September 21, 2012, defendant filed a motion for a new trial and a motion for acquittal notwithstanding the verdict, both of which were denied by the trial court on September 26, 2012. Also on September 26, 2012, after waiving sentencing delays, defendant was sentenced to two years and six months imprisonment at hard labor on each count, to be served concurrently with each other and consecutively to any other sentence defendant was then currently serving. Immediately after sentencing, defendant gave oral notice of his intent to file a motion for an appeal. Also on September 26, 2012, defendant filed a written motion for an appeal, which was granted that same day, and a motion to reconsider sentence, which was denied that same day. On October 17, 2012, after defendant’s motion for an appeal had been granted, the State filed a habitual offender bill of information against defendant, alleging that defendant was a third felony offender.
On January 24, 2013, defendant filed an “Objection to State’s Introduction of Documents and/or Evidence of Prior Conviction,” objecting to the use of the same convictions from a prior habitual offender bill of information for the present habitual offender bill of information, arguing therein that the present habitual offender bill of information should be quashed. A habitual offender adjudication hearing was held on March 21, 2013, at which hearing the trial *587 court denied defendant’s “objection,” and at the conclusion of the hearing, adjudicated defendant to be a third felony offender. The trial court then vacated defendant’s original sentence as to count one and sentenced defendant under La. R.S. 15:529.1 as a third felony offender to imprisonment at hard labor for a term of forty months, to run concurrently with defendant’s sentence on count two, and consecutively to any other sentence defendant was then currently serving.
On original appeal, this Court affirmed defendant’s convictions and sentences, but noted that defendant’s habitual offender adjudication was not before the Court, as defendant’s motion for an appeal was filed prior to his habitual offender adjudication. State v. Brown, 131 So.3d at 217, n.5. This Court further stated that if defendant wished to appeal his habitual offender adjudication, he was required to obtain an out-of-time appeal, as more than thirty days had elapsed since his habitual offender adjudication. Id.
On December 15, 2015, defendant filed an application for post-conviction relief challenging his habitual offender adjudication and requesting an out-of-time appeal. On January 5, 2016, the trial court granted defendant an out-of-time appeal. The instant appeal followed.
ANALYSIS
The facts regarding defendant’s convictions are set forth in this Court’s opinion on defendant’s first appeal. See State v. Brown, 131 So.3d at 210-212. In his only assignment of error in the instant appeal, defendant challenges his habitual offender adjudication. As such, the facts- adduced at defendant’s trial are not relevant to the disposition of this appeal.
Defendant was adjudicated and sentenced as a third felony offender on March 21, 2013. As set forth above, in defendant’s first appeal, this Court noted that his habitual offender adjudication was not before this Court, as his motion for an appeal was filed prior to his habitual offender adjudication. See, State v. Brown, supra. This Court further stated that if defendant wished to appeal his habitual offender adjudication, he was required to obtain an out-of-time appeal, as more than thirty days had elapsed since his habitual offender adjudication. Id. Defendant did not file an application for post-conviction relief seeking an out-of-time appeal concerning his habitual offender adjudication until December 15, 2015.[1]
The delays for making a motion for an appeal of criminal convictions and sentences are found in La. C.Cr.P. art. 914, which provides that a motion for an appeal in a criminal matter must be made no later than “[t]hirty days after the rendition of the judgment or ruling from which the appeal is taken,” or “[t]hirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.” While a defendant may file a direct appeal of a habitual offender adjudication, it must be taken within the time delay provided in La. C.Cr.P. art. 914. See State v. Williams, 12-687 (La.App. 5 Cir. 5/16/13), 119 So.3d 228, 236-237, writ denied, 13-1335 (La. 12/2/13), 126 So.3d 500. When a defendant fails to file a timely motion for an appeal, *588 his conviction and sentence are final. State v. Hollins, 98-768 (La.App. 5 Cir. 1/13/99), 726 So.2d 448, 449; See also State v. Jupiter, 05-869 (La.App. 5 Cir. 2/3/06), 922 So.2d 1245, 1246-47; State v. Patterson, 572 So.2d 1144, 1148 (La.App. 1st Cir. 1990), writ denied, 577 So.2d 11 (La.1991). In the instant matter, defendant failed to file a timely motion for an appeal under La. C.Cr.P. art. 914 concerning his habitual offender adjudication and sentence. Therefore, defendant’s sole vehicle for obtaining an appeal challenging his habitual offender adjudication and sentence was to seek reinstatement of his appeal rights in the trial court, as noted by this Court in defendant’s first appeal regarding his underlying conviction. See State v. Counterman, 475 So.2d 336, 340 (La.1985).
The appropriate procedural remedy for a defendant seeking to exercise his right to appeal after his conviction and sentence become final is a timely-filed application for post-conviction relief seeking an out-of-time appeal pursuant to La. C.Cr.P. arts. 924-930.7. State v. Gray, 04-1272 (La.App. 5 Cir. 4/26/05), 902 So.2d 1060, 1061. La. C.Cr.P. art. 930.8 provides that applications for post-conviction relief, including requests for out-of-time appeals, must be filed within two years from the date that a defendant’s conviction and sentence become final, unless certain specific exceptions apply.[2]
The trial court does not have jurisdiction to grant an untimely application for post-conviction relief seeking for an out-of-time appeal absent the showing of an exception to the time limitation as provided for by Article 930.8. State v. Daigle, 593 So.2d 676 (La.App. 3rd Cir.1991), writ denied, 604 So.2d 980 (La.1992); See also State v. Theard, 04-1212 (La. 6/17/05), 904 So.2d 681. This Court may address the untimeliness of an application for post-conviction relief on its own motion. See State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189, 1201-02.
Upon review, we find that defendant’s habitual offender adjudication and sen *589 tence became final for purposes of La. C.Cr.P. art. 930.8 on April 20, 2013, by virtue of his not having filed a timely motion for an appeal challenging his March 21, 2013 habitual offender adjudication and sentence. See La. C.Cr.P. art. 914. The imposition of a sentence has the effect of finality on a proceeding as evident from the long-standing jurisprudence that a conviction cannot be appealed as a final judgment until a sentence has been imposed. State v. Chapman, 471 So.2d 716 (La.1985). The actual imposition of an enhanced sentence compels a finding of finality of the habitual offender proceedings and affords the determinations of the trial court a sense of definitiveness. State v. Quinn, 09-1382 (La.App. 3 Cir. 5/12/10), 38 So.3d 1102, 1108, writ denied, 10-1355 (La. 1/7/11), 52 So.3d 885. (See also, Perry v. Goodwin, 2013 U.S. Dist. LEXIS 112173 (W.D. La. Apr. 22, 2013), in which the defendant was convicted on May 21, 2004, and sentenced as a habitual offender on November 9, 2004. The defendant did not seek direct review of his habitual offender adjudication and sentence. The federal district court concluded that the defendant’s habitual offender adjudication and sentence became final in December 2004, citing La. C.Cr.P. art. 914.)
Considering the foregoing, because defendant’s out-of-time appeal only challenges his habitual offender adjudication and not his underlying conviction, which was previously affirmed by this Court on December 12, 2013, we find that the prescriptive period set forth in La. C.Cr.P. art. 930.8 Started tolling when defendant’s habitual offender adjudication and sentence became final on April 20, 2013, rather than when his underlying conviction and original sentence became final. Accordingly, pursuant to La. C.Cr.P. art. 930.8, defendant’s right to request an out-of-time appeal concerning his habitual offender adjudication and sentence expired on April 20, 2015. Moreover, in his application for post-conviction relief requesting an out-of-time appeal, defendant did not claim that any of the enumerated exceptions to the time limitation contained in La. C.Cr.P. art. 930.8 apply to his habitual offender adjudication and sentence. Accordingly, we find defendant’s December 15, 2015 application for post-conviction relief seeking an out-of-time appeal concerning his habitual offender adjudication to be untimely. Because the time delays in La. C.Cr.P. art. 930.8 are jurisdictional, the trial court did not have authority to grant defendant’s request for an out-of-time appeal. The instant appeal is accordingly dismissed as untimely. See State v. Russell, 14-841 (La.App. 5 Cir. 1/28/15), 167 So.3d 917; State v. Celestine, 04-1130 (La.App. 3 Cir. 2/2/05), 894 So.2d 1197.
CONCLUSION
For the foregoing reasons, defendant’s appeal is dismissed.
APPEAL DISMISSED

. Nothing in the record indicates that defendant filed a motion for an extension of time within which to file an application for post-conviction relief concerning his habitual offender adjudication or that his application for post-conviction relief concerning his habitual offender adjudication was postmarked on an earlier date. Defendant's application for post-conviction relief concerning his habitual offender adjudication reflects that defendant signed it as submitted on December 11, 2015.

. La. C.Cr.P. art. 930.8 provides, in pertinent part: No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
(1)The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his prior attorneys. Further, the petitioner .shall prove that he exercised diligence in attempting to discover any post-conviction claims that may exist. "Diligence” for the purposes of this Article is a subjective inquiry that must take into account the circumstances of the petitioner, Those circumstances shall include but áre not limited to the educational background of the petitioner, the petitioner's access to formally trained inmate counsel, the financial resources of the petitioner, the age of the petitioner, the mental abilities of the petitioner, or whether the interests of justice will be served by the consideration of new evidence. New facts discovered pursuant to this exception shall be submitted to the court within two years of.discovery.
(2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.
(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.
(4) The person asserting the claim has been sentenced to death.