GRAVOIS, J.
This is defendant Tory N. Clark's second appeal. On original appeal, this Court vacated defendant's sentence and remanded the matter for the trial court to rule on defendant's post-trial motions, and if denied, to resentence defendant. For the following reasons, we find that defendant's request for an out-of-time appeal was untimely. Accordingly, defendant's appeal is dismissed as untimely.
PROCEDURAL HISTORY
On September 30, 2010, a Jefferson Parish Grand Jury indicted defendant, Tory N. Clark, with the second degree murder of Terrance Augustine in violation of La. R.S. 14:30.1.[1] Defendant was arraigned on October 4, 2010 and pled not guilty. On July 17, 2012, defendant's motions to suppress statement, identification, and evidence were denied after a hearing. On January 27-30, 2015, the case was tried before a twelve-person jury that unanimously found defendant guilty as charged.
On February 11, 2015, defendant filed a timely motion for post-verdict judgment of acquittal. On that same date, he also filed a timely motion for appeal that was granted the next day. On April 2, 2015, defendant filed a motion for a new trial. On that same date, defendant's motion for post-verdict judgment of acquittal and motion for a new trial were denied. Also on April 2, 2015, a sentencing hearing was held pursuant to La. C.Cr.P. art. 878.1, after which the trial judge took the matter under advisement. On that same date, defense counsel filed a "Motion to Withdraw as Counsel and Appoint the Louisiana Appellate Project" that was granted that day. On April 14, 2015, the trial judge sentenced defendant to life imprisonment with eligibility for parole after thirty-five years.[2]
In his first appeal, this Court pretermitted discussion of defendant's assignments of error after finding that after the trial court granted defendant's motion for appeal on February 12, 2015, the trial court was divested of jurisdiction to sentence defendant or to rule on defendant's *959 post-trial motions. In accordance with State v. Johnson , 13-75 (La. App. 5 Cir. 10/9/13), 128 So.3d 325, and the reasoning set forth therein, this Court vacated defendant's sentence and remanded the matter to the trial court so that it could rule on defendant's post-trial motions, and if denied, to resentence defendant. Further, this Court found that once defendant had been resentenced, he had "the right to appeal his conviction and sentence." State v. Clark , 15-357 (La. App. 5 Cir. 11/19/15), 180 So.3d 602.
On February 29, 2016, on remand, the trial court denied the motion for post-verdict judgment of acquittal and the motion for a new trial after a hearing. Afterwards, on that same date, defendant waived sentencing delays, and the trial court sentenced defendant to life imprisonment and informed him that he would be eligible for parole after the first thirty-five years of the sentence.
On June 12, 2018, defendant filed a Motion for Out of Time Appeal that was granted on June 14, 2018.
TIMELINESS OF THE APPEAL
Defendant's appeal is untimely. The delays for moving for an appeal of criminal convictions and sentences are found in La. C.Cr.P. art. 914, which provides that a motion for an appeal in a criminal matter must be made no later than "[t]hirty days after the rendition of the judgment or ruling from which the appeal is taken," or "[t]hirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed." When a defendant fails to file a timely motion for an appeal, his conviction and sentence are final. State v. Jupiter , 05-869 (La. App. 5 Cir. 2/3/06), 922 So.2d 1245, 1246-47.
In the instant case, on February 29, 2016, the trial court denied defendant's post-trial motions and resentenced him.[3] Defendant did not file a motion to reconsider sentence. Also, defendant did not file a timely written motion for appeal within thirty days after February 29, 2016, pursuant to La. C.Cr.P. art. 914. Further, defendant did not orally move for an appeal. Therefore, defendant's sole vehicle for obtaining an appeal challenging his conviction and sentence was to seek reinstatement of his appeal rights in the trial court. See State v. Counterman , 475 So.2d 336, 340 (La. 1985).
The appropriate procedural remedy for a defendant seeking to exercise his right to appeal after his conviction and sentence become final is a timely-filed application for post-conviction relief seeking an out-of-time appeal. State v. Gray , 04-1272 (La. App. 5 Cir. 4/26/05), 902 So.2d 1060, 1061. La. C.Cr.P. art. 930.8 provides that applications for post-conviction relief, including requests for out-of-time appeals, must be filed within two years from the date that a defendant's conviction and sentence become final, unless certain specific exceptions apply. Subpart A(1) of the Article creates an exception where "the applicant alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney." The trial court does not have jurisdiction to grant an untimely application for post-conviction relief seeking an out-of-time appeal absent the showing of an exception to the time limitation as provided for by Article 930.8. State v. Daigle , 593 So.2d 676 (La. App. 3rd Cir. 1991), writ denied , *960 604 So.2d 980 (La. 1992) ; See also State v. Theard , 04-1212 (La. 6/17/05), 904 So.2d 681. This Court may address the untimeliness of an application for post-conviction relief on its own motion. See State ex rel. Glover v. State , 93-2330 (La. 9/5/95), 660 So.2d 1189, 1201-02.
In the instant case, on June 12, 2018, defendant filed a Motion for Out of Time Appeal that was granted on June 14, 2018. Defendant's Motion for Out of Time Appeal was untimely under Article 930.8 as it was filed more than two years after the judgment of conviction and sentence became final on February 29, 2016. Moreover, the exception in subpart A(1) of that Article does not apply to defendant's motion because he failed to allege that his untimeliness was due to recently discovered facts. Also, the other exceptions listed in Article 930.8(A) do not apply.[4]
Because the time delays in La. C.Cr.P. art. 930.8 are jurisdictional, the trial court did not have authority to grant defendant's untimely request for an out-of-time appeal. Accordingly, the appeal is untimely and is hereby dismissed. See State v. Brown , 16-141 (La. App. 5 Cir. 9/22/16), 202 So.3d 585 ; State v. Russell , 14-841 (La. App. 5 Cir. 1/28/15), 167 So.3d 917.
CONCLUSION
For the foregoing reasons, defendant's appeal is dismissed.
APPEAL DISMISSED

In the same indictment, Charles B. Lathers was also indicted with the second degree murder of Terrance Augustine.

Even though defense counsel's motion to withdraw as counsel was granted on April 2, 2015, the minute entry dated April 14, 2015 reflects that defense counsel was present for sentencing.

At the sentencing hearing on February 29, 2016, the trial court advised defendant that he had thirty days to appeal and two years after the sentence became final to file for post-conviction relief.

La. C.Cr.P. art. 930.8 provides, in pertinent part:
A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
(1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his prior attorneys. Further, the petitioner shall prove that he exercised diligence in attempting to discover any post-conviction claims that may exist. "Diligence" for the purposes of this Article is a subjective inquiry that must take into account the circumstances of the petitioner. Those circumstances shall include but are not limited to the educational background of the petitioner, the petitioner's access to formally trained inmate counsel, the financial resources of the petitioner, the age of the petitioner, the mental abilities of the petitioner, or whether the interests of justice will be served by the consideration of new evidence. New facts discovered pursuant to this exception shall be submitted to the court within two years of discovery.
(2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.
(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.
(4) The person asserting the claim has been sentenced to death.