STATE OF LOUISIANA

VERSUS

TORREY BROWN

NO. 24-KH-181

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

May 14, 2024

Susan Buchholz
Chief Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

**IN RE** TORREY BROWN

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JUNE B. DARENSBURG, DIVISION "C", NUMBER 08-1959, 09-2793

Panel composed of Judges John J. Molaison, Jr.,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT GRANTED FOR A LIMITED PURPOSE;
RELIEF DENIED; REMANDED**

In this *pro se* writ application, relator/defendant seeks review of the district court's January 26, 2024 Order denying his Second or Subsequent Application for Post-Conviction Relief ("APCR"). For reasons stated more fully below, we deny relator's writ application on the merits, and grant the writ for the limited purpose to remand this matter to the district court to correct a deficiency in the record.

On September 12, 2012, a jury found relator guilty of two counts of battery upon a police officer while being detained in a correctional facility. On October 17, 2012, the State filed a habitual offender bill of information on count one against relator, alleging him to be a third felony offender. A multiple bill hearing was held on March 21, 2013. At the conclusion of the multiple bill hearing, the district court found relator to be a third felony offender. The district court then vacated relator's original sentence as to count one and sentenced relator under La.

R.S. 15:529.1 (the Habitual Offender Statute) to imprisonment at hard labor for a term of forty months, to run concurrently with defendant's sentence on count two, and consecutively with any other sentence defendant was currently serving.

On appeal, this Court affirmed relator's convictions, but found that his multiple offender adjudication was not before this Court, as his motion for appeal was filed before his multiple offender adjudication. *State v. Brown*, 12-922 (La. App. 5 Cir. 12/12/13), 131 So.3d 207, 217 n.5. This Court further stated that if relator wished to appeal his multiple offender adjudication, he must obtain an out-of-time appeal because more than thirty days had elapsed since his multiple offender adjudication. *Id.* On December 15, 2015, relator filed an APCR with the district court challenging his habitual offender adjudication and requesting an out-of-time appeal. On January 5, 2016, the district court granted relator an out-of-time appeal. On September 22, 2016, this Court found that relator's December 15, 2015 APCR seeking an out-of-time appeal concerning his habitual offender adjudication was untimely and dismissed the appeal. *State v. Brown*, 16-141 (La. App. 5 Cir. 9/22/16), 202 So.3d 585, 589.

Relator's current APCR, filed on January 22, 2024, argues that counsel rendered ineffective assistance by failing to file a timely motion to appeal following his 2013 habitual offender adjudication and sentencing. Relying upon *State v. Clark*, 19-1077 (La. 5/1/20), 295 So.3d 935, 936, relator asserts that he "lost his constitutional right to an appeal through no fault of his own" with respect to the right to appeal his habitual offender adjudication and sentence.

On January 26, 2024, the district court denied relief, stating:

> ln this application for post-conviction relief, the defendant again seeks to challenge his 2013 habitual offender adjudication. Upon review, the court finds that there is no exception to delayed filing of this untimely application for post-conviction relief. Pursuant to La. C.Cr.P. art. 930.8, this application is untimely as it is filed more than two years after finality and the court will deny this application for post-conviction relief.

Relator appears to argue that an exception set forth in La. C.C.P. art. 930.8(A)(2) applies based on the Louisiana Supreme Court case of *State v Clark*, *supra*. In *Clark*, the Court found that trial counsel for the defendant failed to file a motion for appeal following his conviction. It further found that the defendant lost his constitutional right to an appeal through no fault of his own. The Louisiana Supreme Court found that to remedy this potential denial of due process, it would remand the case to the court of appeal to address the defendant's appeal on the merits. However, the exception set forth in La. C.Cr.P. art. 930.8(A)(2)[1] requires that the claim be raised within one year of the theretofore unknown interpretation of constitutional law. Relator's claim was not raised within one year of the 2020 decision in *Clark*. In addition, unlike the defendant in *Clark*, relator received a direct review of his convictions.[2] *See State v. Brown*, 131 So.3d 207.

Relator also contends that the district court erred because La. C.Cr.P. arts. 930.4(G) and 930.8(D) permit the State to waive procedural and timeliness objections, and the district court should have reviewed the merits of relator's claims in the interest of justice. But relator's writ application does not contain any writings indicating that the State agreed to waive procedural or timeliness objections existing with respect to relator's APCR.

---

[1] La. C.Cr.P. art. 930.8(A)(2) provides:

> No application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
>
> * * *
>
> (2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.

[2] Although relator did not cite *State v. Harris*, 18-1012 (La. 7/9/20), 340 So.3d 845, 857-58, we recognize that *Harris* held that a claim for ineffective assistance of counsel at sentencing is now cognizable on collateral review. However, *Harris* does not help relator's position because relator's APCR was filed more than a year after *Harris* became final. Therefore, any claim that relator would have based upon *Harris* is untimely under La. C.Cr.P. art. 930.8(A)(2).

Thus, this Court finds no basis upon which to disturb the ruling of the district court. Accordingly, we hold that relator's application is time-barred and deny the relief requested.

Further, in considering this writ application and attachments, we find that the district court incorrectly captioned its ruling as District Court Case No. 08-1959, a case in connection with relator's convictions for attempted first degree robbery, first degree robbery, and carjacking. The district court should have captioned its ruling under District Court Case No. 09-2793, the case in connection with relator's convictions for battery upon a police officer and in which the post-conviction pleadings at issue were filed. The district court is authorized to correct an error or deficiency in the record. La. C.Cr.P. art. 916(2); *State v. Williams*, 01-0554 (La. 5/14/02), 817 So.2d 40, 44. We therefore grant this writ for the limited purpose to remand this matter to the district court. The district court is ordered to correct the January 26, 2024 order to reflect the correct District Court Case No. 09-2793, and the Clerk of Court for the 24th Judicial District Court is ordered to properly file the January 26, 2024 order in District Court Case No. 09-2793. In all other respects, this writ is denied.

Gretna, Louisiana, this 14th day of May, 2024.

**SUS**
**JJM**
**TSM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **05/14/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-KH-181**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable June B. Darensburg (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Torrey D. Brown #386420 (Relator)
Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426