STATE OF LOUISIANA

VERSUS

CORNELIUS K ELLIS

NO. 24-KA-96

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 17-7016, DIVISION "D"
HONORABLE JOSEPH A. MARINO, III, JUDGE AD HOC, PRESIDING

December 04, 2024

**TIMOTHY S. MARCEL**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Timothy S. Marcel

**APPEAL DISMISSED**
 **TSM**
 **FHW**
 **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
CORNELIUS ELLIS
    Holli A. Herrle-Castillo

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Andrea F. Long
    Lindsay L. Truhe

**MARCEL, J.**

Defendant, Cornelius K. Ellis, appeals his conviction and sentence for sexual battery upon a known juvenile under the age of thirteen in violation of La. R.S. 14:43.1.  On appeal, defendant argues that the trial court erred in admitting "other crimes" evidence at trial.  We pretermit discussion of the assigned error, finding that defendant's appeal is untimely.  Accordingly, defendant's appeal is dismissed.

*Procedural Background*

On December 19, 2017, defendant was charged by bill of information with sexual battery upon a juvenile under the age of thirteen.  Trial began on November 19, 2019 and concluded on November 20, 2019 with the jury finding defendant guilty as charged.  Thereafter, on December 2, 2019, the trial court sentenced defendant to fifty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.  On the same date, defendant was given notice that a multiple offender hearing was set for December 16, 2019.  After numerous continuances, the State filed a multiple offender bill of information alleging relator was a second-felony offender on August 13, 2021.  On November 15, 2023, the State dismissed the multiple offender bill of information.

In the interim, on July 1, 2021, defendant filed a *pro se* Motion for Appeal, requesting to appeal the final judgment of the court on "11, 2019."  On July 7, 2021, the trial court denied defendant's motion, stating the following:

> Because of the passage of time, defendant has lost the right to appeal by simply giving notice.  The proper procedure for obtaining an out-of-time appeal is to file an application for post-conviction relief. *State v. Counterman*, 475 So.2d 336 (La. 1985).  The defendant may request an out-of-time appeal by filing an application for post-conviction relief within two years after his conviction and sentence have become final.  La. C.Cr. P. art. 930.8(A).

Thereafter, on October 25, 2021, defendant filed a *pro se* First Uniform Application for Post-Conviction Relief (APCR).  On October 28, 2021, the trial court dismissed defendant's APCR without prejudice, stating:

24-KA-96                                        1

The defendant files the three-page form but fails to state any claim or ground or to provide any facts or list of witnesses. The form itself provides numerous instructions of mandatory inclusions, such as a copy of the commitment order and a list of all claims with factual basis.

This application for post-conviction relief contains a large number of deficiencies. The petitioner has failed to articulate any issue with any particularity. Failure of the petitioner to brief with particularity his allegations in the post-conviction application is a failure to follow the statutorily required form. The application is also deficient under Article 926 in that it fails to contain a copy of the judgment of conviction.

On November 17, 2023, almost four years after defendant's conviction and sentence in this case, defendant's counsel filed a Motion for Appeal which the trial court granted on November 29, 2023. Also, on December 4, 2023, defendant's counsel filed another Motion for Appeal, which the trial court granted on December 5, 2023.[1]

*Discussion*

The delays for making a motion for an appeal of criminal convictions and sentences are found in La. C.Cr. P. art 914, which provides that a motion for an appeal in a criminal matter must be made no later than "[t]hirty days after the rendition of the judgment or ruling from which the appeal is taken" or "[t]hirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed." If a defendant fails to move for an appeal within this time, the conviction and sentence become final, and the defendant loses the right to obtain an appeal by simply filing a motion for appeal in the trial court. *State v. Williams*, 16-32 (La. App. 5 Cir. 8/24/16), 199 So.3d 1205, 1209.

The appropriate procedural remedy for a defendant seeking to exercise his right to appeal after his conviction and sentence become final is a timely-filed

---

[1] In its brief, the defense initially states that it filed a motion for appeal on November 17, 2023, which was granted November 29, 2023. The defense acknowledges that another nearly identical motion for appeal was filed on December 4, 2023, and was granted on December 5, 2023. The defense asserts that either order renders jurisdiction proper in this court. In its brief, the State addressed the timeliness issue asserting that defendant did not timely and properly perfect his appeal.

application for post-conviction relief seeking an out-of-time appeal. *State v. Brown*, 16-141 (La. App. 5 Cir. 9/22/16), 202 So.3d 585, 588. La. C.Cr.P. art. 930.8 provides that applications for post-conviction relief, including requests for out-of-time appeals, must be filed within two years from the date that a defendant's conviction and sentence become final, unless certain specific exceptions apply. *Id.* The trial court does not have jurisdiction to grant an untimely application for an out-of-time appeal absent the showing of an exception to the time limitation as provided for by Article 930.8. *State v. Russell*, 14-841 (La. App. 5 Cir. 1/28/15), 167 So.3d 917, 919, *writ denied sub nom. State ex rel. Russell v. State*, 15-0472 (La. 12/7/15), 180 So.3d 1279.

Time delays for filing an appeal contained in La. C.Cr.P. art. 930.8 are jurisdictional. *State v. Clark*, 18-519 (La. App. 5 Cir. 12/27/18), 263 So.3d 957, 960.[2] This Court may address the untimeliness of an application for post-conviction relief on its own motion. *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189, 1201-02.

In this case, defendant was convicted on November 20, 2019 and sentenced on December 2, 2019. He did not file a motion to reconsider sentence, nor did he orally move to appeal or file a written motion for appeal within thirty days after his sentencing pursuant to La. C.Cr.P. art. 914. Defendant's *pro se* motion for appeal

---

[2] We find *Clark*, *supra*, distinguishable from this case. In *Clark*, following his conviction for second degree murder, the defendant filed a motion for post-verdict judgment of acquittal, a motion for new trial, and a motion for appeal. The defendant's motion for appeal was granted, his other two motions were subsequently denied, and he was sentenced. This Court found that the trial court had no jurisdiction over the defendant's post-trial motions after it granted his appeal. This Court vacated the defendant's sentence and remanded so the trial court could rule on the defendant's post-trial motions. The trial court denied the defendant's motions. More than two years later, the defendant's motion for out-of-time appeal was granted. This Court stated that the defendant's motion for out-of-time appeal was untimely under La. C.Cr.P. art. 930.8 because it was filed more than two years after the judgment of conviction and sentence became final and because the exceptions in Article 930.8 were inapplicable. As such, this Court dismissed the defendant's appeal. The defendant filed a petition for supervisory writ. The Louisiana Supreme Court found that trial counsel for the defendant failed to file a motion for appeal following his conviction. It further found that the defendant lost his constitutional right to an appeal through no fault of his own. The Louisiana Supreme Court found that to remedy this potential denial of due process, it would remand the case to the court of appeal to address the defendant's appeal on the merits. *See State v. Clark*, 19-1077 (La. 5/1/20), 295 So.3d 935. In this case, defendant had the opportunity to address the deficiencies identified by the trial court, but failed to take further action or refile his APCR. Additionally, unlike *Clark*, the procedural posture of this case differs, as defendant's case had not previously been before this Court on appeal.

was filed on July 1, 2021, years beyond the appeal delay provided in Article 914. Thus, defendant's only recourse was to seek reinstatement of his appeal rights in the trial court, by an application for post-conviction relief seeking an out-of-time appeal. *See State v. Counterman, supra.*

In this case, defendant first tried to obtain an appeal *pro se* on July 1, 2021, nineteen months after sentencing. Defendant explained that his family contacted his prior attorney and was told that his case was not finished due to the State informing him of multiple offender filings. The trial judge denied defendant's *pro se* motion for appeal as untimely and advised defendant that he may request an out-of-time appeal through the filing of an APCR.[3]

Subsequently, defendant timely filed a *pro se* APCR on October 25, 2021, which the trial court dismissed without prejudice due to numerous deficiencies, including failure to state a claim for relief. We also note that defendant's APCR did not request an out-of-time appeal, nor did he claim he was being denied a direct appeal.

The record shows that defendant did not re-file his APCR within the two-year prescriptive period. Further, the record does not show, nor does the defendant aver, that he meets any exception to the time limitation requirements provided by La. C.Cr.P. art. 930.8. We find the trial court lacked jurisdiction to grant defendant's counseled motion for appeal filed in November 2023 almost four years after defendant's conviction and sentence.

*Conclusion*

Accordingly, we dismiss defendant's appeal as untimely and decline to address the assignment of error raised in this appeal.

**APPEAL DISMISSED**

---

[3] In this instance, defendant was not advised at sentencing of the appeal delays and of the two-year prescriptive period for filing an application for post-conviction relief. However, the trial court informed defendant of the relevant time period in his written ruling.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 4, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-KA-96

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JOSEPH A. MARINO, III (DISTRICT JUDGE)
HONORABLE GLENN B. ANSARDI (DISTRICT JUDGE)
HOLLI A. HERRLE-CASTILLO (APPELLANT)     ANDREA F. LONG (APPELLEE)     THOMAS J. BUTLER (APPELLEE)

### MAILED
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
LINDSAY L. TRUHE (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053